■ SIGMA PHI SOCIETY (INC.) (ALPHA OF NEW YORK), Respondent, v RENSSELAER FRATERNITY MANAGERS ASSOCIATION, INC., Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court at Special Term (Conway, J.), entered November 7, 1984 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant is a not-for-profit corporation organized under the provisions of New York's Not-For-Profit Corporation Law. It was organized to provide for the collective management of many of the business and administrative responsibilities of individual chapters of college fraternities and sororities in the capital district of New York. Plaintiff is a member of the corporation. A major purpose of the corporation's existence was to provide central purchasing of food and other supplies as well as services. Apparently, maximum effectiveness in bargaining could be achieved only by the assurance to suppliers that they could look to the corporation for their pay rather than to its individual members. It follows that the interests of all members were best served by defendant's prompt payment to suppliers.

To provide for payment of these bills, each member contributed to a fund and was required to maintain a designated minimum balance. Bills incurred by a member were paid and charged against that member's balance. To deter members from overdrawing on their accounts, the board of directors adopted two devices which consisted of a low balance surcharge and an insufficient fund penalty. In the event a member's actual balance fell below the required balance, it was charged $5 monthly for each $100 of the deficit up to $500 and $1 for each $100 above that amount. In the event a member's balance was completely overdrawn, with the result that its bills were paid from the funds of other members, the delinquent member was charged a penalty of .5% of the overdrawn amount on a daily basis.

It is uncontested that plaintiff became delinquent not only in failing to maintain the designated minimum balance, but also in contributing to the fund in amounts sufficient to offset its debts charged to the fund. As a consequence, defendant imposed both a low balance surcharge and an insufficient fund penalty. Those amounts were deducted from plaintiff's subsequent payments into the fund.

Plaintiff has commenced this action alleging both conversion and unjust enrichment. The complaint attacks the validity of the two charges contending that they were charges for the forbearance of a debt and therefore usurious, or that they were unreasonable penalties. Defendant characterizes the charges as either liquidated damages or lawful penalties authorized by the Not-For-Profit Corporation Law. Defendant moved for summary judgment but Special Term denied the motion.

We conclude that the charges were penalties authorized by Not-For-Profit Corporation Law § 507 (a), which empowers a not-for-profit corporation to "impose reasonable fines or other penalties upon its members for violations of its rules and regulations". That the two provisions referred to were enacted by a duly authorized governing body of the corporation is uncontested. The provisions had existed for many years prior to the events leading up to this litigation. The money collected from the imposition of those penalties was not retained by the corporation but was distributed among the members in accordance with their participation in the fund. As a consequence, plaintiff itself has received its distributive share of the fines collected from other members for a substantial period of years.

At the outset, it is obvious that no cause of action exists for unjust enrichment. The fines were not retained by defendant. We find no reason to determine the charges in question to be interest or other charges for the forbearance of a debt.

Plaintiff strives to place the parties into the relationship of lender and borrower. However, it requires little insight to recognize that a relationship of debtor-creditor was precisely what defendant sought to avoid. Contribution to the fund was a duty assumed by plaintiff by virtue of its membership. The fund was not designed to provide capital for loans nor to entitle members to the right to borrow from it. The penalty of .5% per day on overdrawn accounts indicated not only the seriousness of the delinquency, but also the need for prompt remedial action.

For these reasons, we conclude that the fines are not subject to the usury statute (see, 32 NY Jur, Interest and Usury, § 39, at 71 [1963]) and are not unreasonable.

Order reversed, on the law, without costs, and motion for summary judgment dismissing the complaint granted. Kane, J. P., Main, Weiss and Harvey, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in the follow-

ing memorandum. Yesawich, Jr., J. (dissenting). I would affirm. The penalties authorized by Not-For-Profit Corporation Law § 507 are "reasonable" penalties. Here, the insufficient funds penalty assessed by defendant is equivalent to a charge at the rate of 182.5% annual simple interest. The asserted purpose of this penalty is to deter association members, like plaintiff, from failing to keep their account balance current. Given that punishing the financially delinquent is the object of the penalty, whether the magnitude of the penalty imposed is indeed reasonable is an issue on which rational minds can differ and thus presents a triable issue of fact.