**MEL–LO ENTERPRISES, INC.,**
Plaintiff-Appellant,

v.

**BELLE STARR SALOON, INC.,**
Defendant-Respondent.

No. 50605.

Missouri Court of Appeals,
Eastern District,
Division Nine.

Aug. 12, 1986.

Rehearing Denied Sept. 24, 1986.

Francis L. Kenny, Elizabeth D. O'Dell, Clayton, for plaintiff-appellant.

Leo V. Garvin, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff Mel-Lo Enterprises, Inc. (landord), appeals judgment in its favor against Belle Starr Saloon, Inc., (tenant). In a suit based on a lease agreement landlord claimed unpaid rent of $34,200, interest on unpaid rent installments, damages to the premises and double rent during a holdover period under a provision of the lease. In a court-tried case, the court awarded landlord $11,400 for unpaid rent but denied all other claims.

Landlord claims the trial court erred in: (1) concluding the tenant occupied the premises for nineteen months instead of twenty-two months; (2) failing to award interest on each unpaid monthly rental payment; (3) concluding that the rental agreement was for $900 per month instead of $1,900; (4) failing to award double holdover rent as provided in the lease from July 19, 1983 to February 1984 when the lease terminated; and (5) failing to award damages for fixtures and damage to the premises. Defendant tenant failed to file a respondent's brief. We affirm in part and reverse and remand in part.

On March 3, 1982, the parties entered into a written commercial lease. Tenant was to operate a bar and restaurant in the leased premises representing a part of landlord's shopping center. The terms of the lease and performance under the lease are disputed. Additional facts will be provided where relevant.

The court furnished the parties with findings of fact and conclusions in support of its judgment. Significantly, the court found "the testimony of [witnesses for] both Plaintiff and Defendant is of limited or non-existent credibility, and the conclusions of the court are based upon what little it finds to be credible in this record." The court found that tenant occupied the premises from July 1982 to February 1984, a period of nineteen (19) months; that the agreed rental was $900 per month and a total of $17,100; that tenant paid and landlord credited $5,700 for rent; and, that other claims for damages and defenses raised are not supported by credible evidence.

■ Landlord's first point claims the trial court erred in finding tenant occupied the premises for nineteen months. Landlord claimed unpaid rent for the period April 1, 1982 to February 1984 at the rate of $1,900 per month. Our review of the record indicates that both parties offered witnesses who testified that the lease was effective in April of 1982 and concluded in January or February 1984. The lease provided that it was to commence upon the earlier occurrence of either of the following: "(a) upon the first day of April, 1982; or (b) upon lessee's obtaining necessary permits ..." Both parties agreed that the first rent payment occurred in April 1982. Accordingly, we find that tenant occupied under the lease from April 1982 through January 1984, a period of twenty-two (22) months. On the basis of a monthly rental of $900 per month, as found by the court and hereafter discussed, the total rent due was $19,800. After a credit of $5,700 the unpaid balance is $14,100. The judgment in the amount of $11,400 for unpaid rent shall be amended on remand to $14,100.

Landlord's second point also has merit. In the pleadings it claimed interest on the unpaid rent payments. It claims the court erred in failing to award interest. We agree. The court adopted tenant's position that the agreed rent was $900 per month. Tenant does not deny that they owed unpaid rent under the lease as tenant understood the lease although it claims payments of more than $5,700. However, under the tenant's view of the facts which were found by the trial court the unpaid rent payments were for a specific sum due on the first day of each month. Accordingly, the unpaid rent for fifteen and two-third months was in a fixed sum due on a date certain. The unpaid rent therefore was liquidated.

■ Interest is allowable where the trial court finds the amount indisputably due under the contract. *Foley Co. v. Walnut Associates,* 597 S.W.2d 685, 691 (Mo. App.1980). In order to be liquidated as to

bear interest a claim must be fixed and determined or readily determinable but it is sufficient if it is ascertainable by computation on a recognized standard. *Scullin Steel Co. v. PACCAR, Inc.,* 708 S.W.2d 756, 766 (Mo.App.1986). On the pleadings, the evidence, and this standard, landlord was entitled to interest. On remand the court will calculate and add to the judgment interest on the unpaid rent for fifteen (15) months from the date each installment was due according to the terms of the lease. The sum of $5,700 represents the rent due for April through September 1982 at the rate of $900 per month plus one-third of the October 1982 rent.

Landlord's remaining points are denied and will be summarily disposed. We find the judgment supported on these points according to the principles enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Landlord's third point claims the court erred in determining the monthly rental amount to be $900 instead of $1,900. The original typed lease provided for annual rental of $10,800 payable in advance on the first day of each month in equal monthly installments of $900. Landlord claimed that at the time the lease was signed the amount of the monthly payment was crossed out and changed from $900 to $1,900 per month as attested by the initials of the parties. Landlord agrees the annual rent figure was not changed. The tenant acknowledged the changes but claimed that they were made after the lease was signed so that the unchanged annual rent of $10,800 would be accelerated and paid at the rate of $1,900 per month. Landlord claimed the changes were made when the lease was executed and that the failure to change the annual rental was an oversight. On this disputed evidence the trial court was the finder of fact and apparently believed tenant's explanation.

■ Landlord's fourth point claims the trial court erred in not awarding double rent from the date of holdover. The lease defined holdover to be a period in which tenant continued to occupy the premises after the lease expired or after forfeiture. Forfeiture occurred, at the option of lessor, only after certified mail notice and lessee's failure to cure a default. The evidence on whether certified mail notice was sent was equivocal. It was for the trial court to determine whether forfeiture occurred, and if so, when. By implication it must have found that there was no forfeiture and that the lease continued until it "was cancelled and abandoned by the mutual conduct of the parties as of February 1984...."

■ Landlord's last point claims the court erred in failing to award the landlord a judgment for damages to the premises and for the value of fixtures removed from the premises by the tenant. The evidence on these points was in direct conflict. Leasehold improvements made at tenant's expense were to remain. However, during the term of the lease landlord acknowledged that he used some "self-help" and removed fixtures belonging to the tenant for the purpose of guaranteeing payment of rent. The fixtures removed were later returned by the landlord. Tenant claims that the damages to the premises were caused by the landlord and that the fixtures removed were not attached to the premises and not leasehold improvements. On this issue also the trial court was the finder of fact. It was in a better position to judge credibility and an appellate court will not substitute its judgment for that of the trial court absent an abuse of discretion, *Longmier v. Kaufman,* 663 S.W.2d 385, 390–391 (Mo.App.1983), unless the judgment of the trial court is not supported by the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The testimony of tenant's witnesses on these issues support the findings and judgment denying damages to the premises or for removal of the fixtures.

The judgment is reversed and remanded to the trial court to enter judgment for rent at the rate of $900 per month for the months of October 1982 through January 1984 with interest from the date each unpaid rent payment was due according to the lease. In all other respects the judg-

ment is affirmed. The trial court and appellate costs are assessed against Belle Starr Saloon, Inc.

CRANDALL, P.J., and CRIST, J., concur.