■ In the Matter of the Foreclosure of Tax Liens by the CITY OF BINGHAMTON, Respondent. DOUGLAS RITTER, Appellant.—Harvey, J. Appeal from an order of the County Court of Broome County (Monserrate, J.), entered November 27, 1985, which, in a proceeding pursuant to Real Property Tax Law article 11, *inter alia,* denied respondent's motions to dismiss the petition and for preclusion.

On this appeal, respondent seeks, *inter alia,* to have a 10% late fee which petitioner imposes on overdue water and sewer assessments declared invalid on the ground that it is usurious. The underlying facts are set forth more fully in this court's opinion in a previous appeal involving this proceeding (128

AD2d 266). Briefly stated, petitioner bills property owners for water and sewer assessments three times a year and a 10% penalty is imposed on any arrears, including all prior penalties. Since 1980 respondent has been challenging late fees assessed against him. In 1985, petitioner commenced the instant in re tax lien foreclosure proceeding (Real Property Tax Law, art 11, tit 3) against two parcels owned by respondent. Respondent served a "partial" answer and demanded a bill of particulars. After receiving petitioner's bill of particulars, respondent moved to dismiss* the proceeding upon the ground that the late fees were usurious, and to preclude petitioner's bill of particulars upon the ground that it was an inadequate response. The motions to dismiss and preclude were denied. This appeal ensued.

We need not decide the more general issue of whether a municipal corporation is subject to the usury laws since respondent has failed to establish that the penalty imposed by petitioner for failing to pay taxes meets the elements of the usury prohibition. Usury laws are strictly construed and all of the elements must be established by clear evidence (see, Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254). The rudimentary element of usury is the existence of a loan or forbearance of money (General Obligations Law § 5-501; see, Orvis v Curtiss, 157 NY 657; see also, Eikenberry v Adirondack Spring Water Co., 65 NY2d 125, 128-129; DeSimon v Ogden Assocs., 88 AD2d 472, 477). Here, respondent failed to pay his water and sewer assessments in a timely fashion. The Legislature has given local governments the authority to impose a penalty for payments which are in arrears (see, e.g., General Municipal Law § 452 [5] [d]). Petitioner has promulgated such a penalty (Charter of City of Binghamton, subpart XXIV, § 3 [B]; Code of City of Binghamton § 25-114). This statutorily authorized penalty is designed to insure the prompt payment of assessments and is clearly not a loan or forbearance of money (see, Central Hudson Gas & Elec. Corp. v Napoletano, 277 App Div 441; see also, Ferguson v Electric Power Bd., 378 F Supp 787, affd 511 F2d 1403; cf., Sigma Phi Socy. [Alpha of N. Y.] v Rensselaer Fraternity Managers Assn., 114 AD2d 711). Hence, we find respondent's usury argument unpersuasive.

Respondent's further contentions, including his assertion that petitioner's bill of particulars was inadequate and that he

---

* Respondent denominated his motion to dismiss as one for summary judgment. County Court, however, complied with respondent's request to deem the motion as one to dismiss.

has been denied equal protection, have been considered and found to be either academic or meritless.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Levine and Harvey, JJ., concur.