**GUS T. HANDGE & SON PAINTING COMPANY, a corporation, Appellant,**

v.

**FIRST BANK & TRUST COMPANY, successor in interest to First Missouri Bank & Trust Company of Creve Coeur, Respondent.**

No. 54250.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 6, 1988.

Richard A. Stockenberg, Richard H. Travers, St. Louis, for appellant.

Gene J. Brockland, Caruthers, Herzog, Crebs & McGhee, St. Louis, for respondent.

CRIST, Judge.

Appellant (corporate maker) appeals from a judgment denying its claim of overpayment of interest above the statutory rate on a promissory note executed in favor of respondent (bank). We affirm.

Corporate maker asserts the trial court erred by not setting the interest rate at the statutory rate of 9% under § 408.020, RSMo 1986. Corporate maker's theory is the note is not a sufficient writing to demonstrate an agreement to a different rate, as provided under § 408.035, RSMo 1986, in that the note does not expressly state the rate of interest nor can the rate be calculated from the face of the note. The case was tried by the court on a stipulation of facts.

On August 6, 1979, corporate maker signed a note in favor of the bank promising to pay the sum of $184,304.00, under the following terms:

> Twelve (12) *principal and interest* payments of $4,813.00 each; twelve (12) *principal and interest* payments of $3,781.00 each; twelve (12) *principal and interest* payments of $2,922.00 each; twelve (12) *principal and interest* payments of $1,891.00 each; twelve (12) *principal and interest* payments of $910.00 each; and one (1) final *principal and interest* payment of $12,500.00, payments to commence on September 6, 1979, and end on September 6, 1984. (emphasis added).

The note did not state the principal amount; however the parties have stipulated bank paid corporate maker and third parties a total of $136,151.06 as principal. The parties further agreed this would provide for an average interest rate of 15.8736% per annum. The note was secured. Corporate maker paid $179,015.19 to bank, the note was cancelled, and the properties released. Corporate maker then sued bank for return of the alleged excess interest.

■ Section 408.035 provides: "[I]t is lawful for the parties to agree in writing to any rate of interest in connection with any: (1) Loan to a corporation; ...." In the absence of an agreed upon rate, § 408.020 provides that creditors will be allowed to receive 9% per annum. The purpose of the

writing requirement is to avoid parol evidence of the amount of interest the parties intended. 47 C.J.S. *Interest And Usury* § 39(c) (1982).

■ Although the note does not expressly state the interest rate on its face, it does provide for specified payments of "principal and interest." The payments add precisely to the precomputed total amount due stated on the face of the note. The note clearly expresses in writing an agreement by corporate maker to pay an agreed upon precomputed amount of interest in addition to the principal borrowed. Parol evidence is unnecessary to determine the total amount of principal and interest corporate maker had agreed to pay. *See Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 71[4][5] (5th Cir.1987). The trial court was not in error in finding the note satisfied the writing required by § 408.035.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.