**In re ESTATE OF Helen Marie BRUCE, Deceased,**

v.

**Circardi A. BRUCE, Jr., Claimant.**

Nos. 54468, 54524.

Missouri Court of Appeals,
Eastern District, Division Two.

March 14, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 12, 1989.

Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Lawrence P. Katzenstein and Alan B. Hoffman, St. Louis, for the estate.

Gallop, Johnson & Neuman, Charles A. Seigel, III, St. Louis, for claimant.

KAROHL, Judge.

Personal representatives of the estate [the estate] of Helen Marie Bruce appeal order allowing a claim against her estate in the amount of $95,343, plus ten percent per annum interest, for a total of $262,533.66. The claim was based on a written agreement dated June 16, 1977, between Helen Marie Bruce and her son, Cicardi A. Bruce, Jr., [claimant] in which she agreed to pay claimant $95,343 with interest of twelve percent per annum. Mrs. Bruce died in July, 1986. The estate defended on the ground of absence of consideration. In addition it argued that even if the claim was allowable, § 408.020 RSMo 1986 should limit the interest to the legal rate. This section authorizes interest when no other rate is agreed upon by the parties. The probate court allowed the claim, but,

because of § 408.030 RSMo 1986, allowed only a ten percent rate of interest. The personal representatives of Mrs. Bruce's estate claim the probate court erred by: (1) allowing the claim against the estate; and, (2) allowing an interest rate in excess of the legal rate. Cicardi A. Bruce, Jr. filed a cross appeal, claiming the debt was a business debt and the court erred in applying an interest rate of ten percent rather than the twelve percent interest rate specified in the agreement. We affirm.

Cicardi A. Bruce, Sr., his wife, Helen Marie Bruce, and their son, Cicardi A. Bruce, Jr., were the sole owners of the Bruce–Burgess Printing Company. On February 3, 1972, Bruce–Burgess borrowed money from Landmark Central Bank and Trust Company. Three guaranties were executed, one by Cicardi A. Bruce, Sr. and Helen Marie Bruce, one by Cicardi A. Bruce, Jr., and one by Gertrude Boerger, claimant's maternal grandmother. Bruce, Sr. and Mrs. Bruce Sr., claimant, and Mrs. Boerger therefore were jointly and severally liable on their personal guaranties. Mrs. Boerger died before the loans were repaid. By her will she bequeathed the residue and remainder of her estate to claimant.

Bruce–Burgess defaulted on the loan. Landmark enforced the personal guaranties. The Bruce, Srs. paid $42,014.41 on their guaranty with their own assets. Bruce, Jr. paid $31,369.38 with his own assets. A payment of $168,461.11 from the assets of the estate of Mrs. Boerger were used with the permission of Bruce, Jr. to satisfy the remaining debt due Landmark.

Thereafter, on June 16, 1977, Mrs. Bruce, Sr. executed an agreement with her son, Bruce, Jr., to "equate" the imbalance of amounts paid by the Bruce, Srs. and Bruce, Jr. The agreement stated as follows:

This agreement dated June 16, 1977 between Cicardi A. Bruce Jr. residing at 15107 Woodsbluff and Helen Marie Bruce residing at 11500 Maburn shall be as follows:

Helen Marie Bruce agrees to pay $95,343.00 (ninety five thousand three hundred forty three dollars) to Cicardi A. Bruce Jr. *in order to equate Bruce Sr.*

*and Bruce Jr. payments made under a guaranty agreement* with Landmark Central Bank and Trust Co. benefitting Bruce–Burgess Printing Co. Helen Marie Bruce may make payments at any time that she chooses or Cicardi A. Bruce Jr. may demand payments if the need arises. Any unpaid balance will be paid from the Estate of Helen Marie Bruce to Cicardi A. Bruce Jr. Interest shall accrue from the date of this agreement on any unpaid balance at the yearly rate of 12% and shall accrue on any unpaid interest and principal.

/s/Helen Marie Bruce, Jr.

/s/Cicardi A. Bruce

[Our emphasis].

Mrs. Bruce, Sr. died in July, 1986. No payments were made on the June 16, 1977, agreement. She left claimant nothing in her will. Bruce, Jr. filed a claim against his mother's estate for the amount of the agreement, $95,343, plus interest compounded at twelve percent per year, for a total claim of $266,307.89. Bruce, Jr. was the only witness to testify before the probate court. He claimed the agreement was supported by consideration consisting of the assets in his grandmother's estate used to satisfy the debt to Landmark. He argued the assets were his [subject to probate] and if he had not used the money from his grandmother's estate, then the Bruce, Srs. would have remained personally liable for the resulting deficiency. He claimed that: (1) his mother therefore benefited from payments made to Landmark with his consent from his grandmother's estate; (2) this was adequate consideration for the agreement; and, (3) he has a valid claim against the estate.

Bruce, Jr. testified he and his mother entered into the agreement "as a result of assets that were sold by Landmark Bank in order to satisfy guarantee agreements, and it was done in order to equate those assets which were mine versus those assets which were my parents." He said, "what we basically did, my mother and I, we negotiated the fact that there were x amount of assets that were sold that had been my

grandmother's property, but that would now be mine under the terms of the will." He added, "it was the difference in those amounts of money that involved the roughly $95,000 that the note was created on."

The estate claimed the agreement between Bruce, Jr. and Mrs. Bruce, Sr. was not supported by adequate consideration and therefore would not support a claim against the estate. According to the representatives of the estate, Bruce, Jr. was seeking contribution against Mrs. Bruce, Sr.'s estate, and there was no consideration to support a claim of contribution.

The probate court allowed the claim against the estate, finding sufficient consideration for the agreement. The court, however, found that the twelve percent interest rate specified in the agreement was excessive under § 408.030 RSMo 1986 and applied a ten percent rate of interest according to the limitation of the statute for a non-business debt. The court allowed the claim for $95,343 plus ten percent interest compounded annually from the date of the agreement, June 16, 1977, to the date the court allowed the claim, January 28, 1988. The allowed claim, including interest, totalled $262,533.66.

■ The first issue is whether the probate court erred in allowing the claim because there was no valuable consideration to support the agreement between Bruce, Jr. and Mrs. Bruce, Sr. The estate contends Bruce, Jr. was not entitled to the money in his grandmother's estate, that payment with funds from the estate did not reduce Mrs. Bruce, Sr.'s guaranty obligation on the loan, and she derived no real benefit from the payment. Hence, the personal representatives claim there was no valuable consideration for the agreement. We find there was valid consideration for the agreement.

Bruce, Srs., Bruce, Jr. and Mrs. Boerger were each jointly and severally liable for their personal guaranties. Therefore, each was liable to Landmark for the full amount of the balance not repaid by the borrower. Landmark could have enforced the full amount of the deficiency against either or some or all of the guarantors. Bruce, Srs.

paid $42,014.41 from their personal assets, and Bruce, Jr. paid $31,369.38 from his personal assets. A total of $168,469.11 was used from Mrs. Boerger's estate to satisfy the debt to Landmark. An equal payment would have been $80,617.67. No issue has been joined on the difference between the $80,617.67 and the agreed figure of $95,343. Bruce, Srs. therefore benefited from the payments made to Landmark with assets from Mrs. Boerger's estate, for they were not required to pay off the loan or a proportionate share with their own assets. The resulting benefit was adequate consideration for the agreement. The agreement expressly recites the intention to equalize the guaranty obligations and to equally share the loss. Bruce, Jr. was entitled to seek contribution from his parents to equalize payments made to Landmark. Where one of several sureties or guarantors, equally bound, pays a debt, he will be subrogated to the rights of the creditor and may recover a pro rata amount of the sum paid. *See, Phelps v. Scott*, 325 Mo. 711, 30 S.W.2d 71, 75–76 (1930). *See also, Eisleben v. Schueddig*, 7 S.W.2d 282, 283–85 (Mo.App.1928).

There is sufficient consideration for a contract if a benefit is derived to one party or a detriment to the other. *Moore v. Seabaugh*, 684 S.W.2d 492, 496 (Mo.App. 1984). Consideration may consist of some right, interest or benefit to one party, or some responsibility undertaken by the other. *Id.* Even slight consideration is generally sufficient to support a promise. *Id.*

The estate's reliance upon *Twin River Construction Co., Inc. v. Public Water District No. 6*, 653 S.W.2d 682, 690 (Mo. App.1983); *Willhite v. Marlow Adjustment, Inc.*, 623 S.W.2d 254, 263–64 (Mo. App.1981); and *Reed, Roberts Associates, Inc. v. Bailenson*, 537 S.W.2d 238, 241 (Mo.App.1976) is misplaced. These cases support the rule that no consideration is present when a party only agrees to do what it is already obligated to do under an existing contract. Here, Bruce, Jr. had a legal obligation to Landmark based on his guaranty. He did not, however, have a legal obligation to Mrs. Bruce, Sr. to permit

the use of the assets from Mrs. Boerger's estate to repay the loan. Bruce, Jr. had no prior contract with Mrs. Bruce, Sr. Point denied.

■ The remaining issue is whether the probate court appropriately allowed an interest rate of ten percent per annum. We find the agreement was governed by § 408.030 RSMo 1978,[1] which set the maximum interest rate at which parties, after January 9, 1975, could contract private debts at ten percent. We find the agreement created a private, not a business, debt. Accordingly, the court correctly charged an interest rate of ten percent.

The agreement between Mrs. Bruce, Sr. and Bruce, Jr. specified that interest was due at an annual rate of twelve percent. Section 408.030 RSMo 1978 stated that parties could not contract to any interest rate above ten percent for a non-business debt. "After January 9, 1975, parties may agree, in writing, for the payment of interest, not exceeding ten percent per annum, on money due or to become due upon any contract." Section 408.030.1 RSMo 1978. Exceptions to this statute included loans to corporations, business loans of five thousand dollars or more, real estate loans and loans of five thousand dollars or more secured solely by stocks, bonds, certificates of deposit, bills of exchange, warehouse receipts, or bills of landing pledged as collateral. Section 408.035 RSMo 1978.

Bruce, Jr. claimed the agreement constituted a business loan. The probate court correctly found that the agreement between Helen Marie Bruce and Bruce, Jr. was not a business loan and allowed only a ten percent rate of interest, not the twelve percent specified in the agreement. A business loan is "a loan to an individual or a group of individuals, *the proceeds* of which are to be used in a business or for the purpose of acquiring an interest in a business." (Our emphasis). Section 408.-015(2) Cum.Supp.1975.[2] The agreement

was not a loan to Mrs. Bruce, Sr. for use in a business. Bruce, Jr. did not loan his mother money for the purpose of acquiring an interest in a business. Mrs. Bruce, Sr. agreed to equate guarantor payments to Landmark by agreement to pay her son a fixed sum with interest. This was a private, not a business, transaction within the meaning of § 408.015(2) Cum.Supp.1975.

■ The estate argues interest allowed on the claim exceeds the limits set in § 408.020 RSMo 1986. That section controls the legal rate of interest where the parties do not agree on interest. It was six percent prior to 1979 and nine percent thereafter. However, § 408.020 is applicable only when "no other rate is agreed upon." Section 408.020 RSMo 1986. The parties agreed upon an interest rate of twelve percent. Therefore, even though the parties agreed upon an excessive rate under § 408.030.1 RSMo 1978, they did agree upon a specific rate of interest and § 408.020 is inapplicable. Since the agreed upon interest rate exceeds the rate allowed by statute, the probate court appropriately substituted the maximum rate of ten percent prescribed in § 408.030 RSMo 1978. Point denied.

For the foregoing reasons, we affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.

---

1. The agreement was dated June 16, 1977. Therefore this statute, which applied to contracts made after January 9, 1975, governs. Parties remain limited to a ten percent interest rate for private debt contracts. Section 408.030 RSMo 1986.

2. This statute was in effect on the date of the agreement. The same definition is given in § 408.015(2) RSMo 1986.