**SCHNUCKS CARROLLTON CORPORATION, Plaintiff/Appellant,**

v.

**BRIDGETON HEALTH AND FITNESS INC., d/b/a Body Builders, Inc., Charles L. Savoldi, and Michael Barbieri, Defendants/Respondents.**

**SCHNUCKS CARROLLTON CORPORATION, Plaintiff/Respondent,**

v.

**BRIDGETON HEALTH AND FITNESS INC., d/b/a Body Builders, Inc., Charles L. Savoldi, and Michael Barbieri, Defendants/Appellants.**

Nos. 64467, 64594.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 11, 1994.

Bill T. Walker, Neil J. Maune, Granite City, IL, Case No. 64467, for appellant Schnucks Carrollton.

Michael H. Izsak, John A. Kilo, Klutho, Cody, Kilo & Flynn, St. Louis, MO, Case No. 64594, for appellant Bridgeton Health.

John A. Kilo, Michael H. Izsak, Corey M. Lavinsky, Klutho, Cody, Kilo & Flynn, St. Louis, MO, Case No. 64467, for respondents Bridgeton Health.

Bill T. Walker, Neil J. Maune, Granite City, IL, Schnucks Carrollton Corp., Case No. 65594 for respondent.

CRANE, Presiding Judge.

Plaintiff Schnucks Carrollton Corporation (Schnucks) brought an action against defendants Bridgeton Health and Fitness, Inc. (Bridgeton), Charles L. Savoldi, and Michael Barbieri to collect payments due under a lease and to collect rent accruing after the termination of the lease. After a non-jury trial, the court entered judgment for plaintiff and against defendants Bridgeton and Barbieri in the amount of $14,304.15 and against defendant Savoldi in the amount of $6,161.29. The court did not award attorney's fees or interest. All parties appeal. We affirm in part, modify and affirm as modified in part, reverse in part and remand for entry of an award of attorney's fees and interest.

The evidence viewed in the light most favorable to the judgment reveals that on September 30, 1986, Schnucks and Bridgeton entered into a written five year lease by which Schnucks leased a store unit in Carrollton Shopping Center to Bridgeton at $4,500 per month. The lease term began March 9, 1987 and ended on March 8, 1992. Barbieri, as president, and Savoldi, as vice president, executed the lease on behalf of Bridgeton. On the same date Barbieri and Savoldi each personally executed a separate Guarantee of Lease. Pursuant to the lease Bridgeton gave Schnucks a $4,000 security deposit.

Bridgeton paid the monthly lease charges through November, 1991. At the end of the lease term, Schnucks and Bridgeton agreed that Bridgeton could remain as a month to month tenant at a rent of $500 per week. After November, 1991 and before this action was filed Bridgeton made no further payments under the lease or with respect to the month to month tenancy. On March 26, 1992 Schnucks filed this action for past charges due under the lease plus rents which were accruing while Bridgeton continued to occupy the premises.

Beginning on March 27, 1992 Bridgeton made a $500 payment to Schnucks each week for nine weeks. Both Schnucks' and Bridgeton's business records applied these payments to the December, 1991 lease charges. Bridgeton made no further payments. On May 27, 1992 Schnucks gave written notice to Bridgeton that its month to month tenancy would terminate on June 30, 1992. Bridgeton vacated the premises on June 30, 1992.

After a non-jury trial, the trial court entered judgment in favor of Schnucks with a brief opinion in which it found that 1) the nine $500 checks were to be applied to the lease charge for December, 1991; 2) all defendants owed Schnucks $4,500 per month for a total of $10,161.29 for the lease period from January 1, 1992 to March 8, 1992, from which the $4,000 security deposit was deducted for a net amount of $6,161.29; 3) Bridgeton and Barbieri personally entered into a month to month tenancy with Schnucks at $500 per week for the period from March 9, 1992 through June 30, 1992 and owed Schnucks rent in the total amount of $8,142.86; and 4) defendants were not entitled to a set off for water damage. The court denied Schnucks' request for attorney's fees on the grounds it failed to prove the reasonable value of legal services or its entitlement to attorney's fees. The court did not award interest.

Schnucks and defendants filed separate appeals which this court has consolidated. For its appeal Schnucks asserts the trial court erred 1) in finding the parties entered into a month to month tenancy at $500 per week after the lease terminated, 2) in failing to award interest and attorney's fees, and 3) in deducting the amount of the security deposit from its award. For their appeal, defendants assert the trial court erred 1) in entering separate judgments against them, 2) in finding Barbieri entered into the month to month tenancy in his individual capacity, and 3) in failing to award defendants a set off for water damage.

We affirm the judgment in favor of Schnucks and against Savoldi in the amount of $6,161.29. We reduce the judgment against Barbieri to $6,161.29 and affirm as so modified. We affirm the judgment against Bridgeton Health and Fitness, Inc. in the amount of $14,304.15. We reverse that por-

tion of the judgment denying attorney's fees and remand the case to the trial court to calculate and award a reasonable attorney's fee and interest.

■ In a court-tried case we sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's findings of fact because the trial court is in a superior position to judge the credibility of the witnesses. *Brawley v. McNary*, 811 S.W.2d 362, 365 (Mo. banc 1991).

### SCHNUCKS' APPEAL

Schnucks first contends that the trial court erroneously applied or declared the law when it found the parties agreed to a month to month tenancy at $500 per week for the period Bridgeton remained in possession of the premises after the lease expired. It argues the written lease agreement provided for a holdover tenancy at double rent and that this provision could not be orally modified. Schnucks relies on Article 25 of the Lease, which provides as follows:

### ARTICLE 25

### HOLDING OVER

If tenant or anyone claiming under tenant shall remain in possession of any part of the premises after the expiration of the term of this lease without any agreement in writing between Landlord and Tenant with respect thereto, the person remaining in possession shall be deemed a tenant at sufferance, and during such holding over, minimum rent shall be payable at a rate twice the rate in effect immediately prior to the expiration of the term.

The parties dispute the meaning and effect of this clause. Schnucks contends it applies to any possession by Bridgeton after the expiration of the term if the parties have not agreed in writing with respect to the terms of that possession. Defendants contend that the clause has no application because Bridgeton remained in possession with Schnucks' consent. We agree that Article 25 did not control the amount of rent Bridgeton owed Schnucks during the time Bridgeton was a month to month tenant with Schnucks' permission.

■ Article 25 is entitled "Holding Over." This term is defined by Missouri law as the tenant's act of keeping possession after the lease term without the landlord's consent. *Leone v. Bilyeu*, 361 Mo. 974, 238 S.W.2d 317, 320 (banc 1951). The clause itself is directed to the situation in which the tenant remains in possession without a written agreement. In that event the clause defines the holdover tenant as a "tenant at sufferance" who is liable for double rent for the period of the holdover.

■ A tenancy at sufferance is not a true estate; rather it is wrongful occupancy by one who was initially in rightful possession of the premises. ROBERT S. SCHOSHINSKI, AMERICAN LAW OF LANDLORD & TENANT § 2:20, at 67–68 (1980). It usually applies to a nonconsensual holdover tenant. *Id.*; 18 THEODORE H. HELLMUTH, MO. PRACTICE, REAL ESTATE LAW § 438, at 648 (1985). A "tenant at sufferance" is not a true tenant and holds no estate because the tenant at sufferance does not have the landlord's consent. *Kilbourne v. Forester*, 464 S.W.2d 770, 776 (Mo. App.1970); 1 AMERICAN LAW OF PROPERTY § 3.32, at 235 (A. James Casner ed. 1952). Because the tenant at sufferance is not a true tenant, the tenant at sufferance is not liable for rent, but for damages. SCHOSHINSKI, AMERICAN LAW OF LANDLORD & TENANT § 2:20, at 68–69. In Missouri those damages are set out in § 441.080 RSMo 1986 which provides that a tenant who willfully holds over at the expiration of a term after receiving written notice demanding possession is liable for double the rental value for the time of wrongful possession.

■ However, the landlord may elect to convert the tenant at sufferance into a true tenant. *Kilbourne*, 464 S.W.2d at 776; 1 AMERICAN LAW OF PROPERTY § 3.33, at 237. If the landlord consents to the holdover's continuing possession, the holdover becomes

a true tenant and is no longer a tenant at sufferance. *Davis v. Jefferson Sav. & Loan Ass'n,* 820 S.W.2d 549, 555 (Mo.App.1991); *Kiefer v. First Capitol Sports Center, Inc.,* 684 S.W.2d 483, 486 (Mo.App.1984); 18 HELLMUTH, MO. PRACTICE, REAL ESTATE LAW § 438. The landlord's consent may be either expressed, inferred, or implied. *Davis,* 820 S.W.2d at 555. Usually consent is evidenced by the acceptance of rent. *Id.;* 1 AMERICAN LAW OF PROPERTY § 3.33, at 238. However, a demand or suit for rent or words showing the intention to treat the holdover as a tenant are sufficient. *Id.* § 3.33, at 238–39.

█ In this case, the trial court found that Schnucks and Bridgeton entered into an oral agreement for a month to month tenancy at $500 per week for the period from March 9, 1992 until Schnucks terminated the tenancy on June 30, 1992. The court thus implicitly found that Schnucks consented to Bridgeton's continued possession as a month to month tenant. This finding is supported by substantial evidence, including the conversations of the parties, Schnucks' May 27, 1992 letter giving written notice terminating the month to month tenancy as of June 30, 1992, and the lawsuit itself which sought rent accruing after the termination of the lease, not possession.

Schnucks contends that the finding of a tenancy based on an oral agreement was erroneous because Section 28.4 prohibited any modification of the lease other than in writing. Section 28.4 provides in relevant part:

> This Lease may not be modified or amended except by instrument in writing executed by both Landlord and Tenant.

█ Section 28.4 does not apply because Schnucks' consent to a month to month tenancy after the expiration of the lease was not a modification or amendment of the lease, but the creation of a new tenancy after the expiration of the lease. If a tenant at sufferance is turned into a tenant by the landlord's consent, a new tenancy is created. 1 AMERICAN LAW OF PROPERTY § 3.35, at 242. A writing is not necessary to create a month to month tenancy. § 441.060.2 RSMo 1986.

Because a new tenancy was created and Article 25 did not control that tenancy, Schnucks' remaining arguments which are premised on its contention that Article 25 controlled the post-lease tenancy have no merit. Point one is denied.

For its second point Schnucks contends that the trial court erred in denying its request for attorney's fees and prejudgment interest. The trial court found that Schnucks "did not prove the reasonable value of the legal services or its entitlement to recover an attorney fee from [Bridgeton]." This finding is not supported by the evidence and misapplies the law.

The lease clearly provided for Schnucks to recover attorney's fees for any action under the lease. Section 12.5 of the Lease provides in part:

> If Tenant should default under the terms of this Lease, Landlord shall be entitled to recover from Tenant all reasonable costs, charges, expenses, and attorney's fees incurred in connection therewith and in connection with Landlord's remedies undertaken on account of such default, whether or not such default is subsequently cured. Tenant's delinquent payments shall bear interest at the rate of 18% per annum.

Section 28.10 also provides:

> In the event that either party hereto shall bring legal action against the other party, then the prevailing party shall be entitled to reimbursement from the other party for all expenses thus incurred, including a reasonable attorney's fee.

Further, the Guarantee of Lease provides that the guarantors shall pay all of Schnucks' reasonable attorney's fees incurred in any collection with respect to the lease or the guarantee of lease.

█ If a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party. *Jackes–Evans Manufacturing Co. v. Christen,* 848 S.W.2d 553, 557 (Mo.App.1993); *General Electric Credit Corp. v. Stover,* 708 S.W.2d 355, 363 (Mo. App.1986); *Swift Transportation Co. v.*

*Swearengin,* 709 S.W.2d 130, 136 (Mo.App. 1986). Schnucks is entitled to reasonable attorney's fees for that part of the action which seeks to enforce defendants' obligations under the lease and Guarantee of Lease.

■■■■ Schnucks pleaded and adduced evidence that its total attorney's fees were $2,500. The trial court's refusal to award an attorney's fee for lack of evidence of reasonable value was error. *General Electric,* 708 S.W.2d at 363. The trial court is an expert on attorney's fees and does not require any evidence or other opinion as to their value. *Id.; Nelson v. Hotchkiss,* 601 S.W.2d 14, 21 (Mo. banc 1980). On remand the trial court will determine Schnucks' reasonable attorney's fees with respect to that part of the case seeking relief for default on the written lease and guaranty and enter judgment in that amount in Schnucks' favor.

Schnucks next contends that the trial court erred in not awarding prejudgment interest. Schnucks requested prejudgment interest in the amount of 18% as provided in Section 12.5 of the lease. The trial court's order is silent regarding interest.

■■■■ "Interest" is the measure of damages for failure to pay money when payment is due even though the obligor refuses payment because the obligor questions legal liability for all or portions of the claim. *Denton Const. Co. v. Missouri State Highway Commission,* 454 S.W.2d 44, 59 (Mo.1970) (quoting from *Schmidt v. Morival Farms,* 240 S.W.2d 952, 961 (Mo.1951)). Parties may agree on a specific rate of interest which will control if it is not otherwise excessive under the law. *Estate of Bruce v. Bruce,* 767 S.W.2d 598, 601 (Mo.App.1989); *Gus T. Handge & Son Painting Co. v. First Bank & Trust Co.,* 756 S.W.2d 652, 652 (Mo.App. 1988). If no other rate of interest is agreed upon, § 408.020 RSMo 1986 is applicable. *Bruce,* 767 S.W.2d at 601.

■■■■ In this case Schnucks recovered a judgment on monies due under the written lease and also on rentals due on the month to month tenancy. The written lease provided for 18% interest on the unpaid lease payments; however, the oral agreement did not

provide for a specific rate of interest. Under these circumstances the written lease controls the rate of interest for payments due and not paid under the lease. Section 408.020 controls the rate of interest for payments due and not paid on the month to month tenancy.

■■■■ Prejudgment interest is only awardable on liquidated claims. *Mel–Lo Enterprises v. Belle Starr Saloon,* 716 S.W.2d 828, 829–30 (Mo.App.1986); *Foley Co. v. Walnut Assoc.,* 597 S.W.2d 685, 691 (Mo.App. 1980). A liquidated claim is one which is fixed and determined or readily ascertainable by computation or a recognized standard. *Mel–Lo Enterprises,* 716 S.W.2d at 830. The payments due under the lease were fixed and certain. Schnucks is entitled to 18% prejudgment interest thereon.

■■■■ The payments due under the oral agreement were fixed sums due each week of the month to month tenancy and were thus liquidated. Bridgeton argues that Barbieri's testimony that he did not know how Schnucks would apply Bridgeton's $500 per week payments is evidence that the debt was unliquidated. The record does not support this contention. Bridgeton's own documentary evidence showed that it considered the $500 payments to be payments on the lease and the trial court so found. Further, Bridgeton took the position at trial and in this court that the parties agreed to a month to month tenancy at $500 per week after the lease expired. The trial court also made this finding. There is no basis to claim the rent due under the month to month tenancy was unliquidated.

■■■■ Section 408.020 allows interest on payments due under an oral agreement if a demand has been made. *Schnucks Markets, Inc. v. Cassilly,* 724 S.W.2d 664, 668 (Mo. App.1987). The filing of a lawsuit to recover the amount claimed due constitutes a demand and starts the interest bearing period. *Weekley v. Wallace,* 314 S.W.2d 256, 257 (Mo.App.1958). In its action for breach of contract Schnucks sought back rent "plus accruing rents during the pendency of this matter." Accordingly, Schnucks is entitled to statutory prejudgment interest in the

amount of 9% per annum on the unpaid rent due and owing on the date it filed its action in the trial court and on each subsequent weekly rent installment as it became due.

▬ For its third point Schnucks asserts that the trial court erred in deducting the $4,000 security deposit from its damage award. Schnucks argues that the written lease agreement gives it the option of using the security deposit to cure default, but does not obligate it to use that option. Schnucks does not cite any legal authority on this issue and does not explain its failure to do so. Accordingly, its argument is not preserved for review. Rule 84.04(d); *P & K Heating and Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.,* 877 S.W.2d 121, 126 (Mo.App.1994); *Phelps v. Jeff Wolk Construction Co.,* 803 S.W.2d 641, 646 (Mo.App. 1991).

▬ We have exercised our discretion to review this point on the merits and find the trial court did not err, plainly or otherwise. Schnucks relies on that portion of Section 5.1 of the lease which provides:

> In the event of any default or defaults in such payment, performance or observance, Landlord may, but is not obligated to, apply said sum or any part thereof toward the curing of any such default or defaults, and/or towards compensating Landlord for any loss or damage arising from any such default or defaults or any Claims.

However, Section 5.1 of the lease further provides:

> If Tenant shall not then be in default or otherwise liable to Landlord, the Security or any balance thereof shall be promptly returned to Tenant after the expiration date or upon any later date after which Tenant has vacated the Premises.

Under this later provision, when the judgment is satisfied, the default would be cured and Schnucks would then be obliged to return the security deposit. The trial court did not err in ordering the amount of the security deposit deducted from Schnucks' judgment. Point three is denied.

### DEFENDANTS' APPEAL

Schnucks asks that we not consider defendants' appeal because defendants failed to submit a less than one page statement of the case within seven days of the notice of appeal as required by Eastern District Special Rule A.01. Defendants admit they did not comply with this rule.

▬ We do not condone this rule violation. However, as a matter of discretion we may review an appeal on the merits if the violation does not interfere with a review of the merits of the case. *Williams v. MFA Mutual Insurance Co.,* 660 S.W.2d 437, 439 (Mo.App.1983). Defendants' failure to file the statement of the case did not prejudice Schnucks and does not hamper the court's review of the case on the merits.[1]

For their first point defendants contend that the trial court erred in entering a separate judgment against each defendant with respect to the amount due under the written lease and should have entered a judgment making all three defendants jointly and severally liable for the amounts due. Defendants cite *Linwood State Bank v. Lientz,* 413 S.W.2d 248 (Mo.1967), in which the court held the guarantors were jointly and severally liable because the guarantee agreement in that case stipulated that plaintiff could hold guarantors so liable if it chose.

▬ In the written Guarantee of Lease, Barbieri and Savoldi jointly and severally guaranteed full performance. Thus Barbieri and Savoldi are jointly and severally liable for the $6,161.29 awarded for the past due payments under the written lease and any award of attorney's fees and interest. "A several judgment ... is proper in an action against several defendants who are liable on a joint and several obligation." 49 C.J.S. *Judgments* § 36, at 86 (1947). "If the obligation is joint and several, the obligee is entitled to either a joint or several judg-

---

1. We have also exercised our discretion to review the appeal on the merits despite both parties' failure to comply with Rule 84.04(d), and *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). Points relied on must state wherein and why the trial court's action was erroneous. Phrasing a point in terms of "whether" an action is error is not proper form. *Reben v. Wilson,* 861 S.W.2d 171, 172 (Mo.App.1993).

ment." 46 Am.Jur.2d *Judgments* § 90 (1969). The trial court did not err in entering separate judgments against the two guarantors.

For their second point defendants assert that the trial court erred in finding that Barbieri acted for himself as well as for Bridgeton when he entered into a month to month tenancy and also erred in entering judgment against Barbieri upon that finding. The trial court found:

> Defendant Barbieri for himself and defendant corporation entered into a month to month tenancy of the premises at the agreed rental of $500.00 per week for the period from March 9, 1992, to and including June 30, 1992, when this tenancy was terminated by plaintiff. These two defendants owe $8,142.86 to plaintiff for rent for this period. Defendant Savoldi is not liable for the rent accruing after March 8, 1992.

Under *Murphy v. Carron*, 536 S.W.2d at 32, we may review this factual finding only to determine if it is supported by substantial evidence or is not against the weight of the evidence.

When Barbieri testified about the agreement for a month to month tenancy at trial, he repeatedly used the term, "we". However, when he was asked to what he was referring when he used the term "we", he replied that "we" referred to Bridgeton Health and Fitness. There was no other evidence that Barbieri was acting in his individual capacity and not as president of Bridgeton in agreeing to the month to month tenancy. Under these circumstances we find that the trial court's finding was not supported by the evidence. The trial court erred in entering judgment against Barbieri for the rent owed on the month to month tenancy.

For their third point defendants contend that the court erred in failing to award respondents any credit, recoupment, or set off for water damage and lost profits. Defendants argue that the trial court should have found Schnucks liable for water damage to the premises and lost profits. Defendants have not supplied us with the trial exhibits relating to the water problem.[2]

The transcript reveals conflicting testimony regarding two separate water problems, water drainage from a sump pump and condensation on the walls and elsewhere in the premises. There was evidence from which the trial court could find that the sump pump drainage problem was discovered three weeks after the beginning of the lease term, that it was soon fixed, and that Bridgeton was satisfied with the repair. Further, there was evidence that the ongoing condensation problem was a result of Bridgeton's use of the premises. There was no specific evidence of the nature or amount of damage resulting from the sump pump drainage as opposed to the other water damage claimed by Bridgeton. The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d at 32. Point three is denied.

### CONCLUSION

We affirm the judgment in favor of Schnucks Carrollton Corporation and against Charles L. Savoldi in the amount of $6,161.29. We reduce the judgment against Michael Barbieri to $6,161.29 and affirm as so modified. We affirm the judgment against Bridgeton Health and Fitness, Inc. in the amount of $14,304.15. We reverse that portion of the order denying attorney's fees and remand this case to the trial court to calculate and award a reasonable attorney's fee and interest.

GRIMM, C.J., and CRANDALL, J., concur.

---

2. A party attacking a finding on appeal has the burden of providing an evidentiary record. *Moreland v. Paule*, 659 S.W.2d 609, 614 (Mo. App.1983). Failure to supply relevant exhibits can make an argument unreviewable. *Wallace v. Hankins*, 606 S.W.2d 443, 444 (Mo.App.1980).