Homer T. SEATON, Jr., Appellant,

and

Seaton Family Limited Partnership,
Homer T. Seaton, Jr., General
Partner, Plaintiff,

v.

CITY OF LEXINGTON, Respondent.

No. WD 60690.

Missouri Court of Appeals,
Western District.

Nov. 26, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 28, 2003.

Application for Transfer Denied
March 4, 2003.

James A. Rust, Lexington, MO, for Appellant.

R. Brian Hall, North Kansas City, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, P.J.

Homer Seaton appeals from the judgment of the trial court in favor of the City of Lexington on his petition for declaratory judgment and injunction. The matter generally involves the validity of sewer charges and penalties imposed by the City on its citizens. Mr. Seaton raises three points on appeal. He claims that the trial court erred in entering judgment in favor of the City because (1) Ordinance No. 97–35, which increased sewer charges and was passed without voter approval, violates the Hancock Amendment, (2) the penalty provision of the ordinance constitutes a usurious interest rate in violation of section 408.030, RSMo 2000, and (3) the City improperly applies the penalty to the total past due sewer charges instead of the prior month's charges. The judgment of the trial court is affirmed.

On August 5, 1980, the voters of the City of Lexington approved the issuance of $1,300,000 in sewerage system revenue bonds. In December 1985 and January 1986, the City passed ordinances authorizing the actual issuance of sewer revenue bonds and implementing a sewer charge.

Following passage of these ordinances, Mr. Seaton refused to pay any of his sewer

bills contending, among other things, that imposition of the sewer charge violated the Hancock Amendment, Mo. CONST. art. X, § 22. The City sued Mr. Seaton for unpaid sewer bills and received a money judgment against him. Mr. Seaton appealed, and this court held that the imposition of the sewer charge did not violate the Hancock Amendment because the voters of the City authorized issuance of the sewer bonds before the effective date of the Hancock Amendment and gave the City the power to provide for payment on the bonds. *City of Lexington v. Seaton,* 819 S.W.2d 753, 760 (Mo.App. W.D.1991)(*Seaton I*).

Six years later in August 1997, the City received a report from a sewer rate study committee that recommended increasing the sewer charges and the penalties for delinquent payment. Based on the report, the City passed Ordinance No. 97–35 increasing the sewer use charge and late payment penalty. Specifically, the ordinance provides that monthly user charges will be based on average monthly water usage during the months of January, February, and March. The minimum charge per month shall be $7.95, and each user shall be assessed a user charge of $3.15 per 1000 gallons of water based on three-month average water usage. The ordinance also provides for a late payment penalty of $10.00 or ten percent of the user charge bill, whichever is greater, that will be added to each delinquent bill for each thirty days of delinquency. The City did not submit the ordinance to the voters for approval.

Mr. Seaton again refused to pay his sewer bills and penalties after the passage of Ordinance No. 97–35. On May 22, 2000, he filed a three-count petition against the City. In Count I for declaratory judgment and injunction, Mr. Seaton alleged that

Ordinance No. 97–35 violates the Hancock Amendment because it is a "tax, license, or fee" adopted without voter approval. In Count II for declaratory judgment, he alleged that the penalty provision of the ordinance applies only to the monthly charge and not to all accrued arrearages and asked the court to require the City to recompute the penalty charges accordingly. Finally, in Count III for declaratory judgment, Mr. Seaton alleged that the penalty charge of ten percent of the outstanding balance constitutes a usurious interest rate in violation of section 408.030, RSMo 2000.

The City filed a motion for summary judgment on each count of the petition. The trial court granted summary judgment in favor of the City on Count I. A trial was held before the trial court on the remaining counts. The trial court thereafter entered judgment in favor of the City on Counts II and III. This appeal by Mr. Seaton followed.

## I. The Hancock Amendment

In his first point on appeal, Mr. Seaton claims that the trial court erred in entering summary judgment in favor of the City on Count I of his petition. He contends that Ordinance No. 97–35 violates the Hancock Amendment because, under the *Keller*[1] test, the sewer fee increase was more in the nature of a tax than a user charge and, as such, should have been submitted to the voters.

Appellate review of the grant of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377.

1. *Keller v. Marion County Ambulance Dist.,*    820 S.W.2d 301 (Mo. banc 1991).

■ The Hancock Amendment, Article X, Section 22 of the Missouri Constitution, prohibits a political subdivision of this state "from increasing the current levy of an existing tax, license, or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon." Mo. CONST. art. X, § 22(a). Not all revenue increases by local governments, whether user fees or tax fees, are, however, subject to the Hancock Amendment. *Keller*, 820 S.W.2d at 303–5; *Mullenix–St. Charles Props., L.P. v. City of St. Charles*, 983 S.W.2d 550, 561 (Mo.App. E.D.1998). Instead, the Hancock Amendment only applies to revenue increases that are in fact tax increases, whether labeled as taxes, licenses, or fees. *Keller*, 820 S.W.2d at 305; *Mullenix*, 983 S.W.2d at 561. Thus, a court must examine the substance of a charge without regard to its label to determine if it is a tax subject to the Hancock Amendment. *Keller*, 820 S.W.2d at 305; *Mullenix*, 983 S.W.2d at 561. In determining whether a revenue increase by a local government is an increase in a "tax, license or fees" that requires voter approval under section 22(a) of the Hancock Amendment, the following guidelines delineated in *Keller* must be analyzed: (1) When is the fee paid? (2) Who pays the fee? (3) Is the amount of the fee to be paid affected by the level of goods or services provided to the fee payer? (4) Is the government providing a service or good? and (5) Has the activity historically and exclusively been provided by the gov-

ernment? *Beatty v. Metro. St. Louis Sewer Dist.*, 867 S.W.2d 217, 220–21 (Mo. banc 1993); *Keller*, 820 S.W.2d at 304 n. 10; *Mullenix*, 983 S.W.2d at 561.

■ An analysis under section 22(a) and *Keller* is, however, unnecessary in this case.[2] Section 22(b) of Article X provides that the limitations in the Hancock Amendment do not apply to "taxes imposed for the payment of principal and interest on bonds ... which were authorized prior to the effective date of th[e] section." The undisputed facts in this case show that, unlike in *Keller* and *Beatty*, the voters of the City approved the issuance of sewerage system revenue bonds prior to the effective date of the Hancock Amendment[3] and that Ordinance No. 97–35 was passed to provide for payment on the bonds as well as for the costs of maintenance and operation of the sewerage system. Because the sewer charges in Ordinance No. 97–35 were imposed for the payment of bonds that were authorized by the voters prior to the effective date of the Hancock Amendment and to pay the cost of maintenance and operation of the sewerage system, the new sewer charges fall squarely within the exemption of section 22(b) and do not violate the Hancock Amendment. *Tannenbaum v. City of Richmond Heights*, 704 S.W.2d 227, 229 (Mo. banc 1986)(where bond levy was imposed to service debt on bonds approved by voters prior to effective date of Hancock Amendment, bond levy falls within exemption of section 22(b) and did not violate Hancock Amendment); *Oswald v. City of Blue Springs*, 635 S.W.2d 332, 333–335 (Mo. banc 1982)(where voters autho-

---

**2.** The trial court granted summary judgment in favor of the City based on an analysis under *Keller*. The granting of summary judgment will not be set aside on review if supportable on any theory because the primary concern of the appellate court is the correctness of the result in the trial court, not the route taken to reach it. *Thomas Berkeley Consulting Eng'r, Inc. v. Zerman*, 911 S.W.2d 692, 696 (Mo.App. E.D.1995).

**3.** This fact was previously adjudicated in *Seaton I*.

rized city to increase sewer rates to pay principal and interest on revenue bonds, an increase for maintenance and operation of sewerage system was also authorized); *Seaton I*, 819 S.W.2d at 760. The City was, therefore, entitled to judgment as a matter of law, and the trial court properly entered summary judgment in favor of the City on Count I of Mr. Seaton's petition. Point one is denied.

## II. Penalty Provision

■ In points two and three, Mr. Seaton claims that the trial court erred in entering judgment against him on Counts II and III of his petition concerning the penalty provision of Ordinance No. 97–35. The two counts were tried to the court; therefore, the judgment of the trial court will be affirmed on appeal unless the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In point two, Mr. Seaton argues that the trial court erred in finding the penalty provision valid because, he claims, it constitutes a usurious interest rate in violation of section 408.030, RSMo 2000, and because section 250.234, RSMo 2000, does not grant the City authority to charge ten percent per month interest.

■ Usury is defined as the exacting, taking, or receiving of a greater rate of interest than is allowed by law for the use or loan of money. *Beneficial Fin. Co. of St. Charles v. Kitson*, 530 S.W.2d 497, 502 (Mo.App.1975). Section 408.030 sets the maximum interest rate at which parties may contract private debts at ten percent:

> Parties may agree, in writing, to a rate of interest not exceeding ten percent per

annum on money due or to become due upon any contract.

§ 408.030.1, RSMo 2000; *Estate of Bruce v. Bruce*, 767 S.W.2d 598, 601 (Mo.App. E.D.1989). Mr. Seaton failed to pay his sewer charges in a timely manner, and the City applied a penalty to his unpaid sewer bills. The General Assembly has given local governments the authority to impose a penalty for late payment of user charges:

> Any user charges, connection fees, or other charges levied by any city, town or village shall be due at such time or times as specified by the governing board of the city, town or village and shall, if not paid by the due date, become delinquent and shall bear interest from the date of delinquency until paid.

§ 250.234, RSMo 2000. In Ordinance No. 97–35, the City provided for a late payment penalty of $10.00 or ten percent of the user charge bill, whichever is greater, that will be added to each delinquent bill for each thirty days of delinquency. The City Collector testified at trial that prior to the passage of the ordinance, the City was experiencing a tremendous problem with unpaid sewer bills and that an increase of the late payment fee from one percent to ten percent provided an incentive to customers to pay their bills on time. The statutorily authorized penalty in Ordinance No. 97–35 is designed to insure prompt payment of user charges and is not interest on the use or loan of money. *See State ex rel. Ashcroft ex inf. Pelzer v. Public Serv. Comm'n*, 674 S.W.2d 660, 662–63 (Mo.App. W.D.1984)(late payment charges included in regulated utility rate structures are not the equivalent of interest charged for the use of money);[4] *Matter of City of Binghamton*, 133 A.D.2d 988, 521 N.Y.S.2d 140, 141 (App.Div. 3d 1987)(ten

---

4. The *Pelzer* case cites *Coffelt v. Arkansas Power & Light Co.*, 248 Ark. 313, 451 S.W.2d 881 (1970), where a class action was brought to determine if late payment charges were interest and, therefore, subject to usury legislation. The court held that the charge was not inter-

percent late fee imposed on overdue water and sewer assessments is designed to insure prompt payment of assessment is not a loan or forbearance of money; therefore, respondent's usury argument is unpersuasive). Mr. Seaton's argument that the late payment penalty is usurious in violation of section 408.030 is unpersuasive. The trial court did not err in entering judgment in favor of the City on Count III of Mr. Seaton's petition. Point two is denied.

▮ In his final point on appeal, Mr. Seaton claims that the trial court erred in denying his claim for declaratory judgment (Count II) on the manner in which the interest was computed. He argues that the City applies the penalty to the total past due sewer charges instead of the prior month's charge as required by ordinance.

In construing an ordinance, an appellate court attempts to give effect to the lawmakers' intent, considering the entire ordinance and its purposes and seeking to avoid unjust, absurd, unreasonable, confiscatory, or oppressive results. *City of Bridgeton v. Northwest Chrysler–Plymouth, Inc.*, 37 S.W.3d 867, 874 (Mo.App. E.D.2001). The penalty provision of Ordinance No. 97–35 specifically provides, "A late payment penalty of $10.00 or ten percent of the user charge bill, whichever is greater, will be added to each delinquent bill for each thirty days of delinquency." The ordinance does not limit the penalty to the prior month's past due sewer charge by specifying that the penalty will only apply to a "monthly" user charge bill. Instead, the penalty applies to the total past due sewer charges. With Ordinance No. 97–35, the City continued its practice of applying the penalty to the total delinquency as it did under the previous ordinance. The new ordinance merely raised the penalty from one percent to ten percent. Establishment of a penalty of $10.00 or ten percent, whichever is greater, on the total past due sewer charges demonstrates an intent by the City to deter delinquent payments. To apply the penalty only to the previous month's past due bill as advocated by Mr. Seaton would be inconsistent with the language of the ordinance, would illogically abandon the intended deterrence after the single penalty assessment of $10 or 10% for the prior month's delinquency, and would significantly deviate from the City's custom and a culture that routinely assesses penalties against total delinquency.

Substantial evidence in this case, specifically Mr. Seaton's sewer bills, showed that the City applies the ten percent late penalty to the total past due sewer charges as required by the ordinance.[5] The trial court, therefore, did not err in entering judgment in favor of the City on Count II of Mr. Seaton's petition. The third point is denied.

The judgment of the trial court is affirmed.

SPINDEN, J. and EDWIN H. SMITH, J., concur.

---

est but a method of preventing discrimination among customers of the utility:

> The late charge, far from being an exaction of excessive interest for the loan or forbearance of money, is in fact a device by which consumers are automatically classified to avoid discrimination. Its effect is to require delinquent rate payers to bear, as nearly as can be determined, the exact collection costs that result from their tardiness in paying their bills.

*Pelzer,* 674 S.W.2d at 662–63 (quoting *Coffelt,* 451 S.W.2d at 884).

**5.** The City does not apply the penalty to previously imposed penalties.