LINDNER FUND, et al., Appellants,

v.

Michael D. ABNEY, et al., Respondents.

No. 55140.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1989.

Application to Transfer Denied
June 13, 1989.

**438**

Edward F. O'Herin, Portageville, for appellants.

John J. Hennelly, Thomas C. Walsh, John Thomas Archer, Dan M. Lesicko, St. Louis, for respondents.

DOWD, Presiding Judge.

Lindner Fund, Inc. and Lindner Dividend Fund, Inc. (hereinafter appellants) appeal the order dismissing their cause of action for failure to state a claim.

On October 7, 1986, appellants filed an action against Coopers and Lybrand, an accounting firm, and certain Coopers and Lybrand partners (hereinafter C & L or respondents) for negligence and gross negligence based on an investment appellants made in October of 1984. Appellants, which are both mutual funds, claim that they purchased certain securities in reliance on a financial statement of Texscan Corporation, a Phoenix-based company, which was certified by C & L in accordance with the Securities Exchange Act of 1934 and thereafter suffered damages. There were no allegations that appellants were clients of respondents or had any nexus with respondents. The negligence asserted involved C & L's certification of Texscan's 1984 annual report.

Appellants contend that the trial court erred in dismissing the petition because they properly pleaded the elements of negligence and gross negligence. The issue presented here is whether appellants pleaded a duty owed to appellants by respondents sufficient to withstand a motion to dismiss.

■■■ In order for an accountant to be held to a legal duty to a third party not in privity, the third party must be a known recipient or be within the limited class of persons the services were intended to benefit and guide. *Aluma Kraft Manufacturing Co. v. Elmer Fox & Co.*, 493 S.W.2d 378, 383 (Mo.App.1973). Appellants failed

to plead either requirement, thus dismissal was proper. *999 v. Cox & Co.*, 574 F.Supp. 1026, 1031 (D.C.Mo.1983).

The first judicial decision exploring the accountant's liability to third persons, although not in privity, was *Aluma Kraft, supra.* That decision departed from the well-known decision by Justice Cardozo, in *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931), in certain respects dealing with negligence. *Aluma Kraft* took a more balanced approach.

In the analytical and comprehensive opinion of *Aluma Kraft*, it was stated that in the determination of whether an accountant will be held liable to a third person not in privity involves the balancing of several factors: (1) The extent of which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; and (4) the closeness of the connection between the defendant's conduct and the injury suffered. We there held that the law extends liability to third parties for whose benefit and guidance the accountant supplies the information, or to such third persons, although not identified who the accountant knows the recipient of the audit intends to supply such information. We believe that these factors have not been satisfied in this case.

Appellants argue that they qualify as a member of a limited class of those intended to benefit from the certification. We fail, however, to read this implication in the facts alleged. In addition, Kurt Lindner stated in his affidavit that "accountants ... know, or are deemed to know, that the information will be publicly disclosed and will be utilized by third parties, such as the investment advisors of public mutual funds to determine whether or not to purchase the securities of the public company involved." This hardly encompasses appellants within a *limited* foreseeable class. Appellants must bring themselves within a limited foreseeable class or their petition will fail. Any other conclusion would undermine the purpose of the rule in *Aluma Kraft* which is to prevent accountants from

being held liable to the public at large. *999 v. Cox & Co.*, at 1032.

Appellants next assert that respondents are held to a public duty to provide certifications under the Securities Exchange Act of 1934, and thus may be held liable for damages as a result of their negligence.[1] Appellants, however, have failed to show where this public duty was imposed or assumed.

Appellants cite Section 18(a)[2] of the Securities Exchange Act of 1934 in support of imposing a public duty upon respondents to the members of the investing public. The language of that section, however, does not impose a duty on the accountants to certify anything. Section 18(a) instead imposes liability where any persons "make or cause to be made any statement in any ... report ... which ... was at the time and in the light of the circumstances false or misleading." As such language implies intentional misconduct, a petition alleging negligence fails. *See Fischer v. Kletz,* 266 F.Supp. 180, 189 (D.C.N.Y.1967). Thus, we fail to find a cause of action upon which relief may be granted.

■ We now address appellants' alternative request that we remand this case, if we do not reverse, to allow them to amend their pleadings. Appellants argue that since they requested leave to amend the pleadings, if found "insufficient", they should have been granted leave since such is liberally given. There was no motion for leave to amend filed by appellants. Instead, we found a conditional request to amend appellants' pleadings if found "insufficient" in an affidavit filed by appellants in opposition to the motion to dismiss. The purpose of affidavits is to set forth facts based on personal knowledge and is not a proper place to request leave to amend.

"If a plaintiff desires to file an amended petition, it is up to him to ask leave to do so." *Jones v. Williams,* 357 Mo. 531, 209 S.W.2d 907, 911 (1948). Also, the contention that a trial judge must *sua sponte* grant a party leave to amend a deficient pleading has been rejected. *Burr v. National Life & Acc. Ins. Co.,* 667 S.W.2d 5, 7–8 (Mo.App.1984).

After review of the record before us, however, we find no indication that appellants made a proper request for leave to amend. Where appellants fail to seek leave to amend it may be assumed that appellants have made the strongest presentation of their case which the facts allow. *See Mullen v. Renner,* 685 S.W.2d 212, 214 (Mo.App.1984). Furthermore, an examination of the depositions and affidavit of officers of appellant companies filed by appellants demonstrates no nexus or privity nor will they fall within a limited foreseeable class. Thus, a remand would serve no useful purpose.

Judgment is affirmed.

SIMON and HAMILTON, JJ., concur.

---

1. Section 552 of the Restatement of Torts (Second) provides in pertinent part:
   (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
   . . . .
   (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

2. 15 U.S.C. § 78r.