**HERITAGE ROOFING, LLC, Respondent,**

v.

**Martin FISCHER, Appellant.**

**No. ED 84390.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 24, 2005.

---

1. All statutory references are to RSMo. 2000, unless otherwise indicated.

Brian D. Klar, St. Louis, MO, for appellant.

Mitchell D. Jacobs, St. Louis, MO, for respondent.

### OPINION

GLENN A. NORTON, Judge.

Heritage Roofing, LLC sued Martin Fischer, seeking to recover money owed for roofing work that Heritage had performed at Fischer's request. Heritage filed a suit on account, but following a bench trial, the trial court amended the pleadings to conform to the evidence and entered judgment in favor of Heritage on a breach of contract theory. It awarded damages, attorney fees and interest. Fischer appeals. We affirm.

### I. BACKGROUND

At Fischer's request, Heritage sent Fischer a document that outlined its proposal to repair the roof of each of several historic buildings that Fischer owned for a total price of $24,500. This written proposal described the work to be done and provided for the collection of interest and attorney fees in the event that Fischer failed to pay. Fischer spoke with Heritage's manager and orally agreed to have Heritage perform the roofing work. But Fischer never signed the written proposal, and the parties never specifically discussed the provisions relating to interest and attorney fees.

Heritage completed the work, but accidentally caused some damage to one of the buildings when its truck collided with a decorative terra-cotta building tile, creating "a domino effect" that resulted in further damage. Heritage purchased some new fiberglass replica tiles and offered to have them installed in place of any original tiles that could not be salvaged or repaired, which it claimed would cost approximately $750. Fischer refused and instead decided to sell the buildings. But the new owners purchased the tiles from Heritage and installed them. Although Fischer made several payments to Heritage for the roofing work, he never paid the final invoice for $9,200.

Heritage sued Fischer in the associate division of the circuit court of St. Louis County, seeking to recover the balance owed on this final invoice plus interest. Heritage filed a suit on account and did not allege the existence or breach of any contract. Fischer filed no answer, affirmative defense, or counterclaim. Heritage's manager and its primary roofer testified at trial, and Fischer testified on his own behalf. It was undisputed that the roofing work was completed and that Fischer paid for all but $9,200 of the work. Instead of disputing those charges, Fischer claimed that he sold the buildings at a loss due to the damaged tiles, which Heritage would not replace with like materials, and he estimated that this loss exceeded his debt to Heritage. Fischer presented no other witnesses or evidence regarding the value of the building or the damaged tiles.

The parties did not request or expressly consent to an amendment of the pleadings, but in its judgment the trial court found that "neither party would be surprised by permitting the pleadings to be amended to conform" to the evidence presented at trial and that "justice so requires." The court found that the parties had entered into a binding oral contract based upon the terms and conditions of Heritage's written proposal. It ordered Fischer to pay Heritage $9,200 in actual damages, but subtracted $750 to reflect the estimated expense of replacing the damaged tiles. It awarded Heritage $3,550 in interest (at one percent

interest per month) and $4,000 in attorney fees (one third of the combined total of damages and interest).

## II. DISCUSSION

Our review of this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32. Substantial evidence means "competent evidence from which the trial court could reasonably decide the case." *Bauer v. Bauer*, 38 S.W.3d 449, 455 (Mo.App. W.D.2001). We exercise our power to set aside a judgment on the basis that it is "against the weight of the evidence" with caution, and only upon "a firm belief that the decree or judgment is wrong." *Murphy*, 536 S.W.2d at 32. We view the evidence and reasonable inferences from that evidence in a light most favorable to the judgment and disregard contrary evidence. *Kaelin v. Kaelin*, 988 S.W.2d 657, 660 (Mo.App. E.D.1999). We defer to the trial court on the credibility of witnesses, and the trial court is free to believe all, part, or none of a witness's testimony. *State ex rel. Moore v. Brewster*, 116 S.W.3d 630, 639 (Mo.App. E.D. 2003).

### A. Amendment of the Pleadings

Fischer argues that the trial court erred in amending Heritage's petition from a suit on account to a breach of contract claim. Heritage responds that the pleadings were amended to conform to the evidence presented, which in this case supported the existence of an oral contract embodying the terms of Heritage's written proposal.

■ Rule 55.33(b)[1] permits the amendment of pleadings to conform to the evidence presented when issues not raised in the pleadings are tried by the express or implied consent of the parties. With respect to trial by implied consent, Rule 55.33(b) "gives direction to the trial court both in situations where no objection is made to evidence of unpleaded facts or claims and in situations where objection is made." *Rombach v. Rombach*, 867 S.W.2d 500, 503 (Mo. banc 1993).[2] If there is an objection, then the trial court has substantial discretion in determining whether to allow the pleadings to be amended. *Id.* at 504.

■ But where, as here, there is no objection, the trial court's discretion is limited to the determination of "whether the issue was tried by 'implied consent' of the parties. If so, the pleadings 'shall' be treated as if the issues had been properly raised." *Id.* at 503 (quoting Rule 55.33(b)). "The implied consent rule only applies when the evidence introduced at trial bears on a new issue and is not pertinent to issues already in the case." *Medicine Shoppe International, Inc. v. Mehra*, 882 S.W.2d 709, 714 (Mo.App. E.D.1994); *see also Metro Waste Systems, Inc. v. A.L.D. Services, Inc.*, 924 S.W.2d 335, 339 (Mo. App. E.D.1996). In other words, if evidence that raises issues beyond the scope of the pleadings is relevant to another issue already before the trial court, then

---

1. Rule 55.33(b) applies to actions before the associate circuit division. *Medve Group v. Sombright*, 2005 WL 701048, slip op. at *3 n.3 (Mo.App.E.D. March 29, 2005) (citing Rule 41.01(d) and sections 517.011.1(3) and 517.021 RSMo 2000). Unless otherwise indicated, all rule references are to the Missouri Court Rules (2004).

2. In *Rombach,* the Court relied on an older version of Rule 55.33(b). 867 S.W.2d at 503. Although minor changes to the rule have been made since then, those differences are unimportant for purposes of this appeal.

failure to object to its admission does not constitute implied consent to amend the pleadings to conform to the new issue.

■ In this case, the action was brought as a suit on account, but there was evidence tending to show that the parties had entered into an oral contract based upon the terms of the written proposal. Heritage's manager testified that although Fischer never signed the written proposal, he orally agreed to it by telling her "I approve it, I want you to go ahead and do the work." The manager also testified that the written proposal included provisions regarding the payment of interest and attorney fees, but she acknowledged that Fischer never specifically agreed to those terms. Fischer did not object to any of this testimony, nor did he object when the written proposal was admitted into evidence.[3] This proposal described the work to be done by Heritage, listed a price of $24,500 and provided for a one percent monthly finance charge and the assessment of attorney fees if Fischer failed to pay for the roofing work. Since Fischer failed to object to this evidence, his consent to amend the petition to allege breach of contract can only be implied if this evidence was relevant solely to the breach of contract claim and not to any other issue that was already before the trial court. See City of St. Joseph v. St. Joseph Riverboat Partners, 141 S.W.3d 513, 516–17 (Mo.App. W.D.2004).

■ The petition indicated only that the action was a suit on account, and there was no responsive pleading or counterclaim. "A suit on account is an action at law to recover money for services performed or property sold and delivered."

Helmtec Industries, Inc. v. Motorcycle Stuff, Inc., 857 S.W.2d 334, 336 (Mo.App. E.D.1993). An action on an account is based in contract; it requires proof of an offer, an acceptance, consideration, the correctness of the account and the reasonableness of the charges. Id. at 335. Specifically, the plaintiff must prove that the defendant requested the plaintiff to furnish goods or services, that the plaintiff accepted the defendant's offer by furnishing those goods or services and that the charges were reasonable. Id.; see also Missouri Approved Instructions—Civil 6th 26.03 (1969 New). If contested, then the plaintiff must also prove that a "meeting of the minds" occurred. Massac Environmental Technologies, Inc. v. Futura Coatings, Inc., 929 S.W.2d 318, 320 (Mo.App. E.D.1996).

Under this theory, the offer was Fischer's request that Heritage furnish roofing services, and the acceptance was Heritage's furnishing those services. Neither the written proposal nor the testimony regarding its provisions for interest and attorney fees relate to these two elements of a suit on account. Nor does this evidence relate to the existence of consideration, the correctness of the account or the reasonableness of the charges. Although the manager's testimony that Fischer orally accepted the proposal may have been relevant to establish that the parties had a meeting of the minds as to the essential terms of their agreement, neither the unsigned written proposal nor the testimony regarding its contents helps establish that both parties assented to the terms of an agreement on which an action on account would be based. Under these circum-

---

3. Although the written proposal is not included in the legal file, the appendix to Heritage's respondent's brief includes a document marked "Plaintiff's Exhibit 1" that appears to be the written proposal. Fischer does not object to the inclusion of this material. Additionally, Heritage's witness testified as to the relevant portions of the written proposal at trial, and the transcript reflects that it was admitted into evidence.

stances, this evidence was not relevant to Heritage's suit on account theory. Nor was it relevant to any other issue that Fischer raised at trial regarding the damage to his property.

■ *Mehra*, on which Fischer relies, is distinguishable because there, the plaintiff had pled both a breach of contract claim and a suit on account. 882 S.W.2d at 711. Thus, the defendant could not properly object to the admission of the contract on the basis that it would be outside the pleadings, and such failure to object did not constitute implied consent to amend the petition. *Id.* at 714. In this case, however, Heritage did not plead a breach of contract claim. The trial court did not err in recognizing that the parties tried that issue by implied consent, and it properly amended the pleadings to conform to the evidence.[4]

## B. Terms of the Parties' Contract

■ Fischer argues that he did not sign or orally accept any specific contractual terms, including the provisions for interest and attorney fees, and that the trial court erred in finding to the contrary. We disagree.

■ A signature is not required in order to show mutuality or assent to the terms of a writing. *Thomas v. O'Brien*, 791 S.W.2d 4, 6 (Mo.App. S.D.1990). Assent can be shown in other ways, such as by the parties' conduct. *Id.* The issues of whether the parties entered into a contract and, if so, what terms are included in that contract, depend on what the parties actually said and did and not upon one party's own understanding. *White v. Pruiett*, 39 S.W.3d 857, 862 (Mo.App. W.D.2001). Whether an unsigned writing constitutes a binding contract depends upon the intention of the parties, which is a question of fact that is seldom capable of direct proof. *Robinson v. Powers*, 777 S.W.2d 675, 679 (Mo.App. S.D.1989). It is possible for a written offer to be orally accepted, resulting in "an oral contract embodying the terms of the writing." *Moore v. Kuehn*, 602 S.W.2d 713, 718 (Mo.App. E.D.1980).

Fischer cites several cases in which an unsigned writing was found not to constitute a binding contract.[5] But ascertaining the terms of an oral contract is a fact-

---

4. On appeal, the parties primarily argue about whether Fischer was prejudiced by the amendment of the petition and whether the court's timing and method of amending the pleadings was proper. Although the existence of prejudice is relevant when a party objects to evidence that goes beyond the scope of the pleadings, since Fischer did not object, the issue for us to review is whether the pleadings were amended by the parties' implied consent. *See Rombach*, 867 S.W.2d at 503–504. Also, contrary to Fischer's assertions, it was not error for the trial court to amend the pleadings to conform to the evidence *sua sponte* after the case had been submitted. *See McNear v. Rhoades*, 992 S.W.2d 877, 880–81 (Mo.App. S.D.1999) (finding that the trial court is able to amend the pleadings to conform to the evidence presented *sua sponte*, as long as it would have been permissible if a party had so requested); *Wilson v. River Market Venture, I, L.P.*, 996

S.W.2d 687, 698 n. 5 (Mo.App. W.D.1999) ("an amendment of the pleadings to conform to the evidence may be raised at any time, even on appeal, and a party is not precluded from raising this claim simply because it did not seek leave to amend prior to submission"); Rule 55.33(b) ("[s]uch amendment ... may be made upon motion of any party *at any time,* even after judgment; but failure so to amend does not affect the result of the trial of these issues") (emphasis added). The principle, cited by Fischer, that a trial court is not required to grant a party leave to amend a pleading *sua sponte* does not mean that the trial court is prohibited from doing so. *See Lindner Fund v. Abney*, 770 S.W.2d 437, 439 (Mo.App. E.D.1989).

5. *See Robinson*, 777 S.W.2d at 679–80; *Thomas*, 791 S.W.2d at 6; *White*, 39 S.W.3d at 862.

specific inquiry, and statements similar to the one Fischer made previously have been held to constitute sufficient proof of an oral contract that embodies the terms of a written proposal. For example, in *Moore*, the defendant responded to a written proposal by saying that "[t]he roof ought to be fixed, so get on it," which constituted an acceptance of the terms of that proposal. 602 S.W.2d at 718. And the phrase "let's go to work" was sufficient to constitute acceptance of the proposed list of prices in *Environmental Waste Management, Inc. v. Industrial Excavating & Equipment, Inc.*, 981 S.W.2d 607, 611–12 (Mo.App. W.D.1998).

Here, there was evidence that Fischer stated, in reference to the written proposal, "I approve it, I want you to go ahead and do the work." This evidence supported the trial court's conclusion that by approving "it" and indicating his desire for Heritage to begin working, Fischer agreed to the terms of the written proposal as a whole and, therefore, the parties' contract included each of its terms. Proof that Fischer specifically and separately manifested his assent to each one of the terms in Heritage's written proposal was not required. Given the absence of any specific discussion regarding those terms and the general nature of Fischer's response, it may have been permissible for the trial court to find that Fischer never agreed to them. But the trial court made a factual finding to the contrary, and this finding was supported by substantial evidence and was not against the weight of the evidence.

## C. Amount of Attorney Fees and Interest

 Fischer also contends that there was no evidence of the attorney fees actually incurred and that the amount awarded was excessive considering the nature of the case and the lack of pretrial discovery. But trial courts have broad discretion in awarding attorney fees, and we will not overturn their award unless the trial court abused its discretion. *Volk Const. Co. v. Wilmescherr Drusch Roofing Co.*, 58 S.W.3d 897, 901 (Mo.App. E.D. 2001) (citing Consolidated Public Water Supply Dist. v. Kreuter, 929 S.W.2d 314, 316 (Mo.App. E.D.1996)). As an expert on the cost of attorney fees, the trial court is presumed to understand " 'the character of the services rendered in duration, zeal, and ability' " and it does not need evidence in order to set the amount of attorney fees. *H.S. v. Board of Regents, Southeast Missouri State University*, 967 S.W.2d 665, 674 (Mo.App. E.D.1998) (quoting Nelson v. Hotchkiss, 601 S.W.2d 14, 21 (Mo. banc 1980)). Here, the trial court awarded $4,000 in attorney fees, which constituted one-third of the combined total of damages and interest. Fischer fails to demonstrate how this award amounted to an abuse of discretion.

 Fischer similarly challenges the court's award of interest, claiming that it awarded 12 percent interest per year from the date of Heritage's invoice, which exceeds the nine percent rate allowed under section 408.020 RSMo 2000. But this statute is inapplicable where, as here, a different rate is agreed upon by the parties. *A.C. Jacobs and Co., Inc. v. Union Elec. Co.*, 17 S.W.3d 579, 585 (Mo.App. W.D.2000); *Estate of Bruce v. Bruce*, 767 S.W.2d 598, 601 (Mo.App. E.D.1989). The written proposal provided for a one percent monthly finance charge on overdue balances. The trial court appears to have awarded that amount, and Fischer does not challenge the trial court's mathematical calculations.

## D. Amount of Damages

 Fischer challenges the amount that the trial court awarded to Heritage as damages. He argues that the trial court

should have given him a credit toward the amount he owed Heritage that equaled either the full cost of repairing or replacing the terra-cotta tiles that Heritage damaged or the overall diminution in property value that resulted from this damage.

At trial, Heritage introduced evidence that it would have cost about $750 to install the replacement tiles that it had already purchased and acknowledged that it was willing to give Fischer a credit for that amount. Instead of disputing that figure, Fischer testified that because of the damage to the tiles, he sold the property in "as-is condition" for $275,000, which was about $50,000 less than he believed it would sell for if the tiles had not been damaged.

The trial court rejected Fischer's evidence about the property having a diminished value and instead credited his balance by $750—based on the only available evidence of the cost of repairing or replacing the tiles. This was the appropriate measure of damages under these circumstances, since Fischer failed to present convincing evidence about how much the tile damage reduced the value of his property. Even if Fischer was qualified to give his opinion about the diminished value of his property, the trial court specifically found that his testimony lacked credibility, noting that Fischer could not remember how long it took him to sell the property or whether he obtained any other offers for it. The trial court was free to disbelieve this testimony. *See Brewster*, 116 S.W.3d at 639.

Fischer further argues that he was entitled to the value of the replacement fiberglass tiles, which he claims were worth at least $2,100. But he fails to cite to any evidence in the record about this alleged value. Based on our own review of the record, it appears that the $750 figure was the only evidence presented to the trial court as to the cost of replacing the tiles.

All points are denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, J. and NANNETTE. A. BAKER, J., concurring.