Lloyd E. HOFFMEISTER, d/b/a Hoffmeister Stake and Handle Company, Appellant,

v.

Richard E. KRANAWETTER, Respondent.

No. ED 98319.

Missouri Court of Appeals, Eastern District, Southern Division.

May 28, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2013.

Dale E. Gerecke, Adam E. Hanna, Cape Girardeau, MO, for Appellant.

Michael L. Jackson, Jackson, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Lloyd E. Hoffmeister ("Hoffmeister") appeals the amount of the judgment the trial court entered against Richard Kranawetter ("Kranawetter") in Hoffmeister's action for unjust enrichment. We affirm.

## I. BACKGROUND

Hoffmeister is the owner of Hoffmeister Stake and Handle Co. ("the company"). His daughter, Robin Kranawetter ("Robin"), was his bookkeeper, secretary, and office manager for 25 years until September 2005. Robin was married to Kranawetter, and they had two children. Kranawetter also worked for the company from 1996 to 2004. During her employment with the company, Robin embezzled approximately $347,415 of the company's funds. She wrote unauthorized checks to herself from the company checkbook, she wrote payroll checks to both herself and Kranawetter in amounts in excess of what was recorded in the company's records, and

she opened a debit card from the company's account that she used for unauthorized personal purchases. Specifically, the evidence showed that Robin issued a check made payable to herself in the amount of $14,500, and deposited the check into her and Kranawetter's joint checking account on April 15, 2004. On April 18, she and Kranawetter paid $21,497 to S & W Cabinets for custom cabinets for a home they were building.

Hoffmeister discovered the embezzlement in August 2005 and terminated Robin's employment in September. After discovering her actions, Kranawatter separated from Robin, but before they could divorce, Robin took an overdose of medication. While in the hospital, she suffered an aneurysm and died.

Hoffmeister filed suit against Kranawetter for embezzlement, fraud, conversion, and unjust enrichment. After a bench trial, the trial court found Kranawetter did not participate in Robin's embezzlement. The court noted Robin endorsed and deposited all of the payroll checks made to Kranawetter and "was in complete control of [Kranawetter's] finances." Nevertheless, the court determined that although Kranawetter did not have actual knowledge of Robin's embezzlement, he could still be liable for unjust enrichment to the extent he benefited from the funds Robin embezzled. The court found "[a]lmost all of the money was spent on household expenses" and on items Robin bought herself that were of no benefit to Kranawetter. The court noted there was "no trace" of the money spent on household expenses. The court determined the only benefit Kranawetter received was from the $14,500 check used to pay part of the cost of Robin and Kranawetter's new home. Accordingly, the court determined it would be unjust to require Kranawetter to repay Hoffmeister the entire $347,415 embezzled by Robin; however, because Kranawetter

received a benefit of $14,500 from the embezzled funds, he must repay that amount. This appeal follows.

## II. DISCUSSION

### A. Standard of Review

Our review of a court-tried action in equity is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Dohogne v. Counts,* 307 S.W.3d 660, 665–66 (Mo.App. E.D.2010); *see also Reyner v. Crawford,* 334 S.W.3d 168, 174 (Mo.App. E.D.2011) (unjust enrichment is equitable remedy based on concept of quasi-contract). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Heritage Roofing, LLC v. Fischer,* 164 S.W.3d 128, 132 (Mo.App. E.D.2005). Substantial evidence to support a judgment exists when there is competent evidence from which the court can reasonably decide the case. *Id.*

### B. Unjust Enrichment

■ In his sole point on appeal, Hoffmeister argues the trial court erred in finding Kranawetter was unjustly enriched by only $14,500 of the total $347,415 amount embezzled because he benefited from the embezzled funds that were spent on household expenses. We disagree.

■ The elements of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation of such benefit; and (3) acceptance and retention of the benefit under circumstances that without payment would be inequitable. *Jennings v. SSM Health Care St. Louis,* 355 S.W.3d 526, 536 (Mo. App. E.D.2011). The third element is the most important and difficult to establish. *Id.* "The essence of unjust enrichment is that the defendant has received a benefit that it would inequitable for him to retain."

*Pitman v. City of Columbia*, 309 S.W.3d 395, 403 (Mo.App. W.D.2010). It is a quasi-contractual action in which the measure of recovery is not the actual amount of the enrichment, but instead is the value of the benefit that would be unjust for one party to retain. *Id.* The measure of damages for an unjust enrichment claim is based upon the value of the benefit received by a defendant. *Id.*

Hoffmeister's claim on appeal focuses on whether Kranawetter received a benefit from the embezzled funds spent on household expenses. However, the trial court focused not on the benefit conferred and appreciated, but on the question of what benefit would be unjust for Kranawetter to retain.

Although the court determined Robin spent "[a]lmost all" the embezzled funds on household expenses, the record largely did not show where the money went or who benefited from the expenditures. In addition, the trial court determined Robin and Kranawetter were able to fund their household expenses with their income. Their taxes filed between 2000 and 2005 showed annual wages of approximately $70,000 plus significant capital gains from the buying and selling of real estate. Kranawetter testified they did not lead a lavish lifestyle. He stated they did not have expensive furniture or artwork in their home, and they only took one or two vacations. Although Robin used the company's debit card at Best Buy, Kranawetter testified they did not have a lot of electronic equipment. He stated they had only two televisions, and the children did not have a computer until Hoffmeister purchased them one after Robin died. Kranawetter testified that after Robin's death, he discovered a lot of "stuff," mostly for the children, in the house he did not know they had. Last, Kranawetter testified Robin would frequently give her mother money, but he did not know to what extent.

The record in this case certainly showed Kranawetter received some benefit from the embezzled money. Specifically, he testified he saw Robin use the company's debit card to purchase some items for the household at Wal–Mart or Sam's Club, and receipts from the company's debit card showed that Robin used the card while on vacation with Kranawetter and the children. Hoffmeister did not, however, present evidence of the total amounts of these purchases. The only specific evidence of a benefit to Kranawetter was the unauthorized check for $14,500 Robin deposited into their joint account that was used to pay for custom cabinetry for their home.

The court found it would be unjust for Kranawetter to retain the $14,500 but would not be unjust for him to retain whatever indefinite amount he received above that. Under our standard of review, we cannot say the trial court's decision was against the weight of the evidence or misapplied the law. Some of the funds embezzled did not benefit Kranawetter. Of the benefits he received, the trial court determined that they were not necessarily identifiable and thus did not constitute unjust enrichment. *See id.* (not all benefits received constitute unjust enrichment). There was sufficient evidence supporting the trial court's equitable decision. *Dohogne*, 307 S.W.3d at 665; *Heritage Roofing, LLC*, 164 S.W.3d at 132.

Hoffmeister's sole point on appeal is denied.

## III. CONCLUSION

The judgment of the trial court is affirmed.

GARY M. GAERTNER, JR., C.J. and ROBERT G. DOWD, JR., J., concur.