

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOAN JUNGMEYER, GLEN JUNGMEYER, DENNIS KILLDAY, LINDA KILLDAY, TIMOTHY KING, KIM RUIZ-TOMPKINS, ROBERT DUNSTAN, BILL KOEBEL, and VIRGIL CLARK, | ) ) ) ) ) ) ) | |
| | ) | WD77922 |
| Appellants, | ) ) | |
| | ) | OPINION FILED: |
| v. | ) | April 21, 2015 |
| | ) ) | |
| CITY OF ELDON, MISSOURI, | ) ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Miller County, Missouri**
**The Honorable Ralph H. Jaynes, Judge**

**Before Division III:** Mark D. Pfeiffer, Presiding Judge, and
Gary D. Witt and Anthony Rex Gabbert, Judges

This is an appeal from a judgment of the Circuit Court of Miller County, Missouri ("trial court"), granting summary judgment in favor of defendant City of Eldon, Missouri ("City") and against plaintiffs Joan and Glen Jungmeyer, Dennis and Linda Killday, Timothy King, Kim Ruiz-Tompkins, Robert Dunstan, Bill Koebel, and Virgil Clark ("Plaintiffs"). Because the trial court erroneously based its summary judgment on its mistaken belief that a motion to strike does

not constitute a "response" to a Rule 74.04[1] motion for summary judgment, we reverse the trial court's judgment and remand for further proceedings consistent with our ruling today.

## Facts and Procedural History

Plaintiffs filed a six-count petition against City alleging, *inter alia*, Hancock Amendment violations, Due Process Clause violations, and Equal Protection Clause violations, relating to allegations that City unlawfully charged "higher water and sewer rates than necessary for improvements to its waterworks and sewer treatment works." City denied the allegations and ultimately filed a motion for summary judgment pursuant to Rule 74.04. Alleging that City failed to comply with the mandatory requirements of Rule 74.04 in its motion for summary judgment, Plaintiffs objected to City's motion for summary judgment by filing a motion to strike the City's motion. Pending the trial court's ruling on the motion to strike, Plaintiffs alternatively moved the trial court for leave to file their substantive response to the merits of City's motion for summary judgment in the event the trial court would overrule Plaintiffs' motion to strike.

On August 25, 2014, the trial court issued its judgment in which it expressly concluded that Plaintiffs' motion to strike did not constitute a "response" as contemplated by Rule 74.04. Thus, the trial court concluded that: Plaintiffs had not "responded" to the motion for summary judgment within the time frame required by Rule 74.04; all of the material facts set forth in City's motion for summary judgment were deemed true;[2] and City's motion for summary judgment was granted. Additionally, the trial court's judgment denied Plaintiffs' motion to strike and motion seeking leave of court to file a substantive response to City's motion for summary judgment out of time.

---

[1] Unless otherwise indicated, all rule references are to MISSOURI COURT RULES Vol. I (2014).
[2] Presumably, after concluding that Plaintiffs' "response" did not comply with Rule 74.04, the trial court relied upon Rule 74.04(c)(2), which states in pertinent part: "A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement [of facts] is an admission of the truth of that numbered paragraph."

Plaintiffs timely appealed, asserting that the trial court erred in: (1) denying Plaintiffs' motion to strike; (2) denying Plaintiffs' motion seeking leave of court to file a substantive response to City's motion for summary judgment out of time; and (3) granting City's motion for summary judgment.

**Analysis**

Because our ruling on Point III dictates the outcome of the remaining points, we analyze the points out of order:

*Point III – Summary Judgment*

This court reviews a grant of summary judgment *de novo* as a question of law. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when a party establishes "that there is *no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6) (emphasis added). Summary judgment is "an extreme and drastic remedy and great care should be exercised in utilizing the procedure" because it "borders on denial of due process in that it denies the opposing party his day in court." *ITT*, 854 S.W.2d at 377 (internal quotation omitted).

Here, we have no idea whether there is a genuine dispute as to any material facts because the trial court procedurally determined that Plaintiffs' motion to strike did not constitute a "response" required by Rule 74.04 and thus deemed all of City's factual assertions to be true. We disagree with the trial court's Rule 74.04 "response" conclusion.

In previous interpretation of what "responses" to a Rule 74.04 motion for summary judgment are permissible by a non-movant, we have said, "the parties may bring defects in the affidavits [attached to the motion for summary judgment] or other supporting materials to the

3

trial court's attention by *motion to strike* or objection." *Sloss v. Gerstner*, 98 S.W.3d 893, 898 (Mo. App. W.D. 2003) (emphasis added). And in another setting in which one issue in the case involved affidavits relating to a motion for summary judgment that failed to meet the criteria of Rule 74.04(e), we noted that "neither party *moved to strike* or otherwise object to the defective affidavits." *Bakewell v. Mo. State Emps.' Retirement Sys.*, 668 S.W.2d 224, 227 n.3 (Mo. App. W.D. 1984) (emphasis added). Thus, as we have previously noted, a motion to strike is a "response" to a motion for summary judgment that is contemplated by Rule 74.04.[3]

A movant filing a motion for summary judgment must strictly adhere to the mandatory requirements of Rule 74.04 in filing its motion and "[t]he parties may not waive noncompliance with Rule 74.04." *Cross v. Drury Inns, Inc.*, 32 S.W.3d 632, 637 (Mo. App. E.D. 2000). "This [summary judgment] procedure is not discretionary; it is mandatory and must be followed." *Margiotta v. Christian Hosp.*, 315 S.W.3d 342, 344 (Mo. banc 2010).

Rule 74.04 provides that a party moving for summary judgment "shall state with particularity in separately numbered paragraphs each material *fact* as to which movant claims there is no genuine issue, with *specific references* to the pleadings, discovery, exhibits or *affidavits* that demonstrate the lack of a genuine issue as to such *facts*." Rule 74.04(c)(1) (emphasis added). Rule 74.04 specifically requires that any such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 74.04(e).

---

[3] Neither the trial court nor City cites to any precedent declaring that a motion to strike cannot qualify as a "response" contemplated by Rule 74.04. And to the extent that City has alternatively suggested that Plaintiffs should have simultaneously filed a substantive response to the motion for summary judgment along with their motion to strike in order to comply with Rule 74.04, we disagree. It would defeat the purpose of a motion to strike to impose such a requirement where valid objections to the form of a motion for summary judgment may eliminate the necessity to file *any* substantive response to a pending motion for summary judgment.

4

Here, in response to City's motion for summary judgment, Plaintiffs brought to the attention of the trial court City's noncompliance with the mandatory requirements of Rule 74.04 via Plaintiffs' motion to strike. In their motion to strike, Plaintiffs identified and objected to statements of undisputed "factual" paragraphs in City's motion for summary judgment that they claimed were "legal conclusions," not "factual" assertions. Plaintiffs also identified and objected to "fact" allegations in City's motion for summary judgment that they claim failed to specifically reference the record, citing *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo. App. W.D. 2009) ("[A] summary judgment motion that . . . fails to specifically reference the record is legally defective . . . .). Plaintiffs identified and objected to affidavits that they claimed failed to comply with Rule 74.04(e), and Plaintiffs identified and objected to City's failure to make "specific reference" to documentation supporting City's "factual" assertion when, instead, Plaintiffs claim that only general references were made to documents that were sometimes hundreds of pages in length.

Frankly, these are appropriate objections to be made to a trial court by way of a motion to strike in response to a motion for summary judgment. Only after the trial court's ruling can a party be expected to respond substantively to whichever paragraphs of alleged "undisputed material facts" the trial court has determined comply with the mandatory requirements of Rule 74.04. Accordingly, it was error for the trial court to conclude that Plaintiffs had not "responded" to City's motion for summary judgment when Plaintiffs had filed their motion to strike. It was further error to deem City's claim of undisputed material facts admitted by Plaintiffs.

5

Point III is granted, and we remand for further proceedings necessary to properly ascertain what material facts are not genuinely in dispute before the trial court "shall decide the motion [for summary judgment]." Rule 74.04(c)(6).

*Point I – Motion to Strike*

Our ruling on Point III that the trial court erroneously concluded that Plaintiffs' motion to strike was not a "response" to City's motion for summary judgment also impacts the motion to strike itself. For, it is evident from the trial court's judgment that the trial court did not consider the substantive merit of Plaintiffs' motion to strike; instead, the trial court summarily denied Plaintiffs' motion to strike upon its mistaken belief that the motion to strike was not a motion subject to substantive review due to procedural infirmity. Therefore, in the first instance, the trial court will be required to address the merits of the motion to strike on remand. It follows that it would be premature for this Court to comment on the merits of Plaintiffs' motion to strike, particularly given the discretion accorded trial courts in ruling thereon. *See Lero v. State Farm Fire & Cas. Co.*, 359 S.W.3d 74, 79 (Mo. App. W.D. 2011) ("We review the circuit court's ruling on a motion to strike for abuse of discretion."). Instead, in response to Point I of Plaintiffs' appeal, we remand the review of the substantive merit of Plaintiffs' motion to strike to the trial court for its ruling thereon.

*Point II – Motion Seeking Leave of Court to File Substantive Response to*
*City's Motion for Summary Judgment*

A trial court's ruling denying leave to file a response to a motion for summary judgment out of time is reviewed for abuse of discretion. *Inman v. St. Paul Fire & Marine Ins. Co.*, 347 S.W.3d 569, 575 (Mo. App. S.D. 2011) (citing *Manor Square, Inc. v. Heartthrob of Kansas City, Inc.*, 854 S.W.2d 38, 42 (Mo. App. W.D. 1993)). However, even under circumstances where a motion seeking leave of court to file a response to a motion for summary judgment is filed after

the response deadline imposed by Rule 74.04, the rules contemplate that a trial court may exercise discretion to expand the time for filing a summary judgment response where "excusable neglect" is demonstrated. *Id.* at 576; Rule 44.01(b).

Here, Plaintiffs *timely* filed a motion to strike in response to City's motion for summary judgment. But when it became clear that the trial court's *ruling* on the motion to strike would not occur until *after* the thirty-day deadline prescribed for "responses" in Rule 74.04, Plaintiffs alternatively filed their motion seeking leave to file a substantive response to City's summary judgment motion in the event their motion to strike was denied.

Plaintiffs' actions were reasonable, timely, and not the product of neglect, excusable or otherwise. The trial court erred in concluding that Plaintiffs' motion to strike did not constitute a "response" as contemplated by Rule 74.04 and compounded that error by refusing to permit the Plaintiffs alternatively to file their substantive response to City's motion for summary judgment in the event their motion to strike was denied.

The trial court abused its discretion in denying Plaintiffs' motion seeking leave to file their substantive response to City's motion for summary judgment.

Point II is granted. Upon remand, the trial court shall first rule upon the substantive merit of Plaintiffs' motion to strike. Depending upon its ruling on the motion to strike, to the extent that a substantive response to City's motion for summary judgment shall become necessary, the trial court shall grant Plaintiffs a reasonable time upon which to file such substantive response.

**Conclusion**

The trial court erred in deeming City's statement of material and undisputed facts as being admitted due to its mistaken conclusion that Plaintiffs' motion to strike did not constitute a "response" as contemplated by Rule 74.04; thus, the trial court erred in concluding that no

7

material facts were in dispute and in entering judgment in favor of City as a matter of law. Likewise, the trial court failed to rule upon the substantive merits of Plaintiffs' motion to strike and must do so upon remand, and the trial court abused its discretion in refusing to grant leave to Plaintiffs to file their substantive response to City's motion for summary judgment, to the extent that such a substantive response is necessary after the trial court's ruling upon the merits of Plaintiffs' motion to strike. Accordingly, the trial court's judgment in favor of City is reversed, and the case is remanded for further proceedings consistent with our ruling today.

_____

Mark D. Pfeiffer, Presiding Judge

Gary D. Witt and Anthony Rex Gabbert, Judges, concur.