

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| KYLE KLOSTERMAN, | ) | No. ED111401 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | 2111-CC00261 |
| | ) | |
| VACATION MANAGEMENT | ) | Honorable Michael J. Fagras |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 28, 2023 |

Before Lisa P. Page, P.J., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

Kyle Klosterman (Klosterman) appeals from the judgment entered by the trial court following a bench trial on his claims against Vacation Management Solutions, LLC (VMS) for violation of the Missouri Merchandising Practices Act, Chapter 407 RSMo (2016)[1] (MMPA).

**Background**

There is an old Latin adage, "*caveat emptor*," which means "let the buyer beware" that holds equally true today and epitomizes the transaction at issue in this appeal.

Klosterman reserved Lake Aspen Condo Unit C111 in Innsbrook, Missouri (Property). He paid for his two-night stay in full, and received confirmation of the reservation on March 26, 2019. The same day, he received an email informing him the reservation was canceled but a new reservation would be made, honoring the initial price. However, the new reservation reflected a

---

[1] All further statutory references are to RSMo (2016).

higher price for Klosterman's two-night stay at the Property. Klosterman alleged VMS again unilaterally canceled the second reservation because he disagreed with paying the increased amount. As a result, he ultimately obtained a reservation for a different property at a greater cost.

Klosterman filed a one-count petition against VMS[2] alleging its actions violated the MMPA. Prior to trial, Klosterman filed a motion for partial summary judgment as to liability. The trial court granted VMS leave to file its response out of time, and ultimately denied Klosterman's motion. Following a bench trial, the court entered judgment in favor of VMS, finding that Klosterman did not purchase merchandise from VMS. Consequently, the court found VMS did not commit "deception, fraud, false pretense, false promise, misrepresentation, or unfair practice" in violation of Section 407.020 and Klosterman did not sustain actual damages. This appeal follows.

### Discussion

In his first point on appeal, Klosterman argues the trial court erred in finding he did not make a "purchase" under the MMPA because his reservation of the Property constituted merchandise and he paid for the right to stay at the Property. In his second and final point, Klosterman claims the court erred denying his motion for partial summary judgment because VMS failed to properly request leave to file its response out of time, thereby deeming the uncontroverted facts alleged by Klosterman admitted. The determination of the issue in point two would be conclusive to this appeal, and therefore, we address it first.

### Point II

In point two on appeal, Klosterman argues the trial court erred in denying his motion for partial summary judgment regarding VMS's liability under the MMPA because the

---

[2] Klosterman also named Innsbrook Properties, Inc. as a defendant; however, he voluntarily dismissed that entity from the suit prior to trial.

2

uncontroverted facts he asserted were deemed admitted by VMS's failure to timely file a response to the motion and did not sufficiently request leave to file a response out of time.

### Standard of Review

Our review of the trial court's decision regarding partial summary judgment is *de novo*. *Rasse v. City of Marshall*, 18 S.W.3d 486, 489 (Mo. App. W.D. 2000) (citing *ITT Comm. Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)).  Pursuant to Rule 74.04(c)(3), summary judgment is only appropriate where no dispute of material fact exists and the movant is entitled to judgment as a matter of law.  *Id*.

However, our review of alleged procedural errors is for abuse of discretion.  *Id*. Specifically, the trial court's decision whether to grant or deny leave to file responsive pleadings out of time is reviewed for abuse of discretion, and we consider whether such ruling is so clearly against the logic of the circumstances before it and is so unreasonable and arbitrary as to shock the sense of justice and indicate a lack of careful consideration.  *Id*.; *Solomon v. St. Louis Cir. Atty.*, 640 S.W.3d 462, 473 (Mo. App. E.D. 2022).

### Analysis

Pursuant to Rule 74.04(c)(1), a motion for summary judgment "shall summarily state the legal basis for the motion," and should be accompanied by a statement of uncontroverted material facts.  The statement is required to set forth each material fact about which the movant claims there is no genuine issue in separately numbered paragraphs.  *Id*.  Rule 74.04(c)(2) requires the party against whom summary judgment is claimed to file a response "[w]ithin 30 days after a motion for summary judgment is served," setting forth each statement of fact in its original numbered paragraph and admitting or denying each fact averred.  Rule 74.04(c)(2)

3

further states a response that fails to comply is an "admission of the truth" of the uncontroverted facts properly set forth by the movant.

Here, Klosterman filed and served his motion for summary judgment on July 21, 2021. Pursuant to Rule 74.04(c)(2), VMS's response was due August 20, 2021. VMS filed a response on August 22, 2021. The same day, Klosterman filed a motion to strike VMS's response as untimely. On August 23, 2021, VMS responded to the motion to strike, arguing based on its calculation of time, the response to Klosterman's motion for partial summary judgment was not due until August 23, 2021, and therefore the response was timely filed. Over a month later, at the September 24, 2021 hearing on Klosterman's motion for summary judgment, VMS made an oral request for leave to file its response. The trial court granted VMS's motion and after multiple continuances over several months, the court denied Klosterman's motion for partial summary judgment on May 18, 2022.

Pursuant to Rule 44.01(b), the trial court generally has the authority to expand the time period for filing certain pleadings. *See Solomon*, 640 S.W.3d at 473. Where the trial court does so after the time to file the pleading has expired, as in this case, the court has authority to grant a party leave to file a response under Rule 44.01(b)(2) if (1) the party provides notice of the request for leave to file out of time; (2) the party makes a motion for leave to file out of time; and (3) the party demonstrates its failure to timely file the responsive pleading was the result of excusable neglect. *Id*. "Excusable neglect is the failure to act not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident. Excusable neglect is an action attributable to *mishap* and not the result of indifference or deliberate disregard." *Holmes v. Union Pac. RR Co.*, 617 S.W.3d 853, 860 (Mo. banc 2021) (emphasis added) (internal citations omitted).

While the summary judgment procedure set forth in Rule 74.04 is not discretionary and requires the parties to strictly adhere to the mandatory requirements, as previously noted, the trial court is given discretion under Rule 44.01(b) to enlarge the time for filing a response. *Jungermeyer v. City of Eldon*, 472 S.W.3d 202, 205-207 (Mo. App. W.D. 2015). Here, although the motion was made orally, Rule 44.01(b) does not require a written motion. *See also Solomon*, 640 S.W.3d at 474 (oral motion for leave to file answer out of time satisfied motion required in Rule 44.01(b)). In addition, we note that the notice requirements under Rule 44.01 are intended to provide the notified party with an opportunity to be heard. *See Allen ex rel. Allen v. Gatewood*, 390 S.W.3d 245, 254-55 (Mo. App. W.D. 2013). Where notice is given in a manner less than compliant with Rule 44.01, we consider if the notice given was reasonable under the particular facts and circumstances of the case. *Id*. at 255.

In the present case, Klosterman had sufficient actual notice of VMS's request for leave to file its response to his motion for partial summary judgment out of time and was provided an opportunity to be heard. Klosterman filed a motion to strike the response the day it was filed, VMS promptly filed a response to the motion, explaining its calculation of time, and once it was determined VMS miscalculated the date its response was due, the court granted VMS leave to file out of time. VMS's failure to file its response to the motion for partial summary judgment was not due to disregard or indifference to the process. To the contrary, as VMS explained in its response to Klosterman's motion to strike, it was simply a "mishap" regarding the calculation of time. The parties had significant time to litigate the motion for partial summary judgment after the trial court granted VMS leave to file its response, and under these circumstances, the trial court did not abuse its discretion in doing so. Point two on appeal is denied.

**Point I**

In his first point on appeal, Klosterman argues the trial court erred finding he did not make a purchase for purposes of the MMPA because his reservation constituted the purchase of merchandise from VMS.

*Standard of Review*

We review the trial court's judgment following a bench trial and will affirm such judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or erroneously declares or applies the law. *Indian Hills Civic Ass'n v. Indian Lake Property Owners Ass'n, Inc.*, 637 S.W.3d 622, 629 (Mo. App. S.D. 2021) (internal citations omitted).

*Analysis*

The MMPA creates an individual cause of action for an individual who "purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020." Section 407.025.1; *Ward v. West County Motor Co., Inc.*, 403 S.W.3d 82, 84 (Mo. banc 2013). Thus, to prevail on a claim pursuant to the MMPA, a plaintiff must plead and prove he (1) purchased merchandise; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property and (4) as a result of an act declared unlawful by the MMPA. *Tolu v. Reid*, 639 S.W.3d 504, 539 (Mo. App. E.D. 2021) (internal citation omitted). Although Section 407.010 defines several words and terms used in the MMPA provisions, "purchase" is not statutorily defined. Instead, Missouri cases have cited the Webster's dictionary definition, which is "to obtain by paying money or its equivalent." *Jackson v. Charlie's Chevrolet, Inc.*, 664

6

S.W.2d 675, 677 (Mo. App. E.D. 1984) (quoting Webster's Third New International Dictionary, Unabridged, 1981)); *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 128 (Mo. App. E.D. 2009) (internal citations omitted); *Tolu v. Reid*, 639 S.W.3d 504, 539 (Mo. App. E.D. 2021) (internal citations omitted). "Merchandise" is defined under Section 407.010(4) as "any objects, wares, goods, commodities, intangibles, real estate or services."

Klosterman claims the trial court erred in conflating the purchase of the reservation with his actual use of it. However, although this argument may have merit, we need not reach the issue of whether his payment for the initial reservation constituted the purchase of merchandise. Assuming without deciding the trial court was incorrect and Klosterman's initial reservation constituted the purchase of merchandise, there was no evidence of any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection" to warrant a claim under the MMPA because of the plain language in his agreement with VMS. Section 407.020.1.

The evidence in the record shows the VMS terms and conditions were attached to the email confirming Klosterman's initial reservation. The terms and conditions contain a section titled, "Disclaimer," which states in relevant part, "[a]ll prices are subject to change without notice." Thus, even if the first reservation Klosterman made and paid for constituted a purchase of merchandise, the terms of VMS's contract allowed VMS to change the price without notice, which is the conduct Klosterman cites as the basis for his MMPA claim. "There is no conflict between the intention of the legislature in enacting the MMPA and the application of the basic tenets of contract law to the transaction in this case." *Chochorowski v. Home Depot U.S.A.*, 404 S.W.3d 220, 228 (Mo. banc 2013).

7

We presume Klosterman read the terms and conditions included in the confirmation of his reservation of the Property and accepted them.[3]  *See id*.  Klosterman was clearly not the wary buyer as per that Latin adage, "*caveat emptor*."  As a result, we cannot convict VMS of violating the MMPA where it was simply exercising its right to do something provided for in its terms and conditions included in the confirmation of Klosterman's first reservation.  *See Chochorowski*, 404 S.W.3d at 228, 229.

Although the trial court based its judgment on a determination there was no "purchase," we make no such finding here.[4]  Instead, because the judgment in favor of VMS is otherwise correct on the grounds discussed above, we affirm.  *White v. Bowman*, 304 S.W.3d 141, 147-48 (Mo. App. S.D. 2009) (if judgment is supportable on any basis, it should be affirmed no matter the grounds asserted by the trial court); *Legends Bank v. State*, 361 S.W.3d 383, 386 (Mo. banc 2012) (citing *Purcell v. Cape Girardeau Co. Com'n*, 322 S.W.3d 522, 524 n.4 (Mo. banc 2010)) (judgment of trial court can be affirmed on any grounds supported by law and evidence).

**Conclusion**

The judgment of the trial court is affirmed.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., J., and
Angela T. Quigless, J. concur.

---

[3] The terms and conditions, admitted at trial as Exhibit C, were not signed.  However, a signature is not necessarily required to indicate assent to the terms of a writing and can be shown in other ways, such as by the party's conduct, particularly in online transactions.  *See e.g. Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 134 (Mo. App. E.D. 2005), and *Major v. McCallister*, 302 S.W.3d 227, 229, 230 (Mo. App. S.D. 2009).

[4] Klosterman argues the trial court rubber stamped VMS's proposed findings of fact and adopted them as its judgment without addressing his specific requests for findings of fact and conclusions of law on certain issues.  We strongly discourage this practice as it reflects poorly on the trial court not only to the litigants and lawyers, but to this court as well.  *See Arcese v. Daniel Schmitt & Co.*, 504 S.W.3d 772, 782 n.7 (Mo. App. E.D. 2016).